_____

No. 95-1180
_____

In re: Edward J. Molitor,       *
                                *
          Debtor.               *
                                *
_____ *
                                *
Edward J. Molitor,              *   Appeal from the United States
                                *   District Court for the District
          Plaintiff-Appellant,  *   of Minnesota.
                                *
     v.                         *
                                *
Gary C. Eidson; Jeffrey M.      *
Schoenwetter,                   *
                                *
          Defendants-Appellees. *

_____

          Submitted: October 19, 1995

             Filed: February 9, 1996
_____

Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON, and ROSS, Circuit
Judges.
_____

FLOYD R. GIBSON, Circuit Judge.

     Appellant Edward Molitor appeals the district court's[1]
affirmance of the bankruptcy court's[2] order converting his Chapter
13 case to a Chapter 7 case.  We have jurisdiction pursuant to 28
U.S.C. § 158(d) (1988), and we affirm.

_____

     [1]The Honorable David S. Doty, United States District Judge
for the District of Minnesota.

     [2]The Honorable Nancy C. Dreher, United States Bankruptcy
Judge for the District of Minnesota.

## I. BACKGROUND

This appeal involves Molitor's manipulation of the bankruptcy code in order to retain possession of a three-bedroom home purchased originally from John and Patricia Galle under a contract for deed. When Molitor failed to fulfill his obligations pursuant to the terms of the contract, the Galles twice attempted to cancel the contract and evict Molitor. Each time, Molitor responded by seeking an injunction in Hennepin County District Court and then filing a Chapter 13 bankruptcy petition in order to invoke the bankruptcy code's automatic stay provision. Molitor's first petition was dismissed when he and the Galles reached a compromise agreement. Molitor's second petition was dismissed by the Chapter 13 Trustee when Molitor failed to propose a reorganization plan within a reasonable period of time. This appeal concerns Molitor's third Chapter 13 petition.

On January 5, 1993, the Galles granted Molitor a 90-day purchase option expiring on April 5, 1993. After Molitor failed to execute the purchase option, the Galles conveyed the property to Appellees Gary Eidson and Jeffrey Schoenwetter (Appellees). Molitor continued to occupy the property pursuant to the expired agreement with the Galles, but paid no rent. When Molitor sought protection in state court, Hennepin County District Judge Roberta Levy determined that Molitor had no right, title, or interest in the property and ordered him to vacate the property as of 11:59 p.m., June 30, 1993. The deadline came and went, but Molitor failed to vacate the premises. Appellees then obtained a writ of restitution and made arrangements with the Hennepin County Sheriff to serve and execute the writ and evict Molitor.

Molitor filed his third Chapter 13 petition on July 12, 1993, the day before the writ was scheduled to be served and executed. On August 4, 1993, Appellees filed a motion for relief from the automatic stay and a motion for dismissal or conversion. The

motion for dismissal or conversion alleged that Molitor had filed for bankruptcy in bad faith because he fraudulently misrepresented his debts by failing to list state and federal income tax debts in excess of $100,000.00. The motion also charged that Molitor was ineligible for Chapter 13 bankruptcy because those tax liabilities constituted over $100,000.00 in non-contingent liquidated unsecured debt. The Trustee filed a response supporting Appellees' motion for conversion.

On August 11, 1993, the day the motions were originally scheduled to be argued, Molitor appeared without counsel and requested additional time to prepare a defense. The bankruptcy court continued the hearing until August 31, 1993. On August 31, Molitor's counsel filed a voluntary dismissal of his Chapter 13 petition. Noting that Molitor was aware that there was a motion for dismissal or conversion pending and that there were serious allegations of multiple filings, bad faith, and improper listing of liabilities on the schedules, the bankruptcy court refused to allow the dismissal and subsequently granted Appellees' motion to convert Molitor's Chapter 13 bankruptcy to a Chapter 7 proceeding.

Molitor appealed the bankruptcy court's order to the United States District Court for the District of Minnesota. The district court adopted the magistrate's report and recommendation affirming the bankruptcy court's order. Molitor appeals again, alleging: (1) that he is entitled to voluntary dismissal prior to conversion as a matter of right under Chapter 13; and (2) that the bankruptcy court erred in granting Appellees' motion for conversion in the absence of a showing of fraud. We review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. In re Howell Enters., Inc., 934 F.2d 969, 971 (8th Cir. 1991).

3

## II. DISCUSSION

11 U.S.C. § 1307(b) (1988) provides that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." The next subsection, however, provides that:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1307(c). Molitor argues that section 1307(b) confers upon the debtor an absolute right to withdraw his Chapter 13 petition prior to conversion. As such, he argues that the bankruptcy court erred in converting his case to a Chapter 7 proceeding. Conversely, the Appellees argue that subsection (c) necessarily limits a debtor's ability to voluntarily withdraw under the previous subsection.

Neither viewpoint is without support. Several courts have adopted Molitor's position, holding that the Chapter 13 debtor's pre-conversion right to voluntary dismissal under section 1307(b) is absolute. E.g., In re Looney, 90 B.R. 217 (Bankr. W.D. Va. 1988). Other courts have held that section 1307(c) curtails a Chapter 13 debtor's right to voluntary dismissal. E.g., In re Gaudet, 132 B.R. 670, 675-76 (D.R.I. 1991). We are guided by our prior decision in In re Graven, 936 F.2d 378 (8th Cir. 1991). In that case, this Court concluded that analogous provisions of Chapter 12, § 1208(b) and (d), did not afford the Chapter 12 debtor an unlimited right to voluntary dismissal. "We conclude that the broad purpose of the bankruptcy code, including Chapter 12, is best served by interpreting section 1208(d) to allow a court to convert

4

a case to Chapter 7 upon a showing of fraud even though the debtor has moved for dismissal under subsection (b)."  Id. at 385.

We believe that same broad purpose as well as the principles of statutory construction employed in Graven apply equally well to the nearly identical provisions of Chapter 13 and the instant case. As in Graven, we are mindful that the purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts.  Id.  As in Graven, we also look to the overall purpose and design of the statute as a whole rather than viewing one subsection in isolation.  Id.  In this case, Molitor failed to offer any defense whatsoever to the Appellees' allegations of bad faith.  Instead, he chose to use section 1307(b) as an escape hatch once the Appellees called his bluff.  To allow Molitor to respond to a motion to convert by voluntarily dismissing his case with impunity would render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses. We decline to do so.

Molitor argues alternatively that the bankruptcy court erred in granting Appellees' motion to convert in the absence of a showing of fraud.  No such showing is required to convert a case under Chapter 13, however.  While Chapter 12 provides for conversion only "upon a showing that the debtor has committed fraud in connection with the case," 11 U.S.C. § 1208(d), a Chapter 13 petition filed in bad faith may be dismissed or converted "for cause" under 11 U.S.C. § 1307(c).  In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994) (per curiam).  Such cause includes filing a bankruptcy petition in bad faith.  See, e.g., Matter of Smith, 848 F.2d 813, 816 n.3 (7th Cir. 1988).  The bad faith determination focuses on the totality of the circumstances, specifically: (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated

5

the bankruptcy code.  <u>In re LeMaire</u>, 898 F.2d 1346, 1349 (8th Cir. 1990).

The bankruptcy court found that there was no justification for Molitor's multiple filings.  It also noted that Molitor's most recent filing took place on the eve of eviction, leading it to characterize Molitor's multiple filings as inappropriate "delay tactics."  As the bankruptcy court observed, "Once may be O.K., but three times is too many."  Molitor's actions constitute a clear abuse of the legal process set forth in the Bankruptcy Act to aid and assist honest debtors.  It was also undisputed at the motion hearing that Molitor misrepresented both his tax liabilities and his monthly rent expenses on his schedules.  We do not find the bankruptcy court's findings to be clearly erroneous.

## III. CONCLUSION

For the above reasons, we affirm the decision of the district court affirming the decision of the bankruptcy court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

6