**In re Eli NASSAR, Debtor.**

**Bankruptcy No. 97–40206–H3–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 21, 1998.

Eli Nassar, Sugar Land, TX, Pro se.

William E. Heitkamp, Houston, TX, trustee.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has considered the Joint Motion to Dismiss (Docket No. 41), filed by Silverfield Homeowner's Association, Inc., Galleria Diplomat Townhomes Association, Inc., and Texas Commerce Bank, N.A. ("Movants"). The court has also considered the Motion to Dismiss or in the Alternative Motion to Convert to Chapter 7 (Docket No. 34) filed by William E. Heitkamp ("Trustee"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Dr. Eli Nassar ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 6, 1997. William E. Heitkamp is the Chapter 13 Trustee.

In the instant motion, Movants and Trustee seek dismissal due to unreasonable delay by the Debtor that is prejudicial to creditors. Movants and Trustee allege that Debtor's plan fails to provide for the payment of all secured and priority claims. Movants allege that Debtor failed to disclose assets, grossly underestimated the value of assets, proposed a "stair-step" plan without any explanation of his ability to fund increases in plan payments, and failed to disclose transfers to his wife prior to the filing of the instant case.

Debtor testified that he is presently employed by Comprehensive International Systems, Inc., ("CIS") a corporation wholly owned by Debtor. He testified that he has been employed by CIS since 1991. He testified that prior to his present employment, he was employed by General Universal Systems, Inc. ("GUS"), another corporation wholly owned by Debtor. He testified that he has complete control of the compensation he is paid by CIS. He testified that he has occasionally paid personal bills from the bank accounts of CIS and GUS.

Debtor testified that neither CIS nor GUS has kept proper accounting records since 1993. He testified that he has hired an accountant to prepare the records, but that those records have been as yet unavailable. He testified that he has never reviewed any financial statements for his corporations. He testified that neither GUS nor CIS has filed tax returns since 1994.

Debtor testified that Trustee requested that he prepare and submit personal and business operating statements. He testified that he and his wife prepared the statements in one night. He testified that the statements submitted to the Chapter 13 Trustee are inaccurate, because some rental income was counted twice.

Debtor testified that his schedules of income and expenses are incomplete and inaccurate. He testified that he owns a third corporation, World Wide Leasing, Inc., ("WWL") which is not reflected on the schedules. He testified that he formed WWL to acquire a townhouse. He testified that WWL has been used to finance the lease of computer equipment to CIS, GUS, and to clients of CIS and GUS. He testified that he, individually, foreclosed the townhouse from WWL during 1991. He testified that he conveyed the stock of WWL to his wife at an unspecified date in the past, for no consideration. He testified that WWL holds two causes of action against lessees of computer

equipment for failure to return the equipment at the end of the lease terms. He testified that he remains in control of WWL.

Debtor testified that he is able to provide complete schedules and an accurate accounting for the corporations he owns. He testified that he does not know when he will be able to do so.

### Conclusions of Law

■ The purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts. *In re Molitor*, 76 F.3d 218 (8th Cir.1996).

A Chapter 13 case may be dismissed for cause, including, *inter alia*, unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c).

■ Such cause includes filing a bankruptcy petition in bad faith. *See, e.g., Matter of Smith*, 848 F.2d 813, 816 n. 3 (7th Cir. 1988); *In re Molitor*, 76 F.3d 218 (8th Cir. 1996). The bad faith determination focuses on the totality of the circumstances, including: (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; and (3) whether he has unfairly manipulated the bankruptcy code. *In re Chaffin*, 836 F.2d 215, 217 (5th Cir.1988); *Molitor*, 76 F.3d, at 220, *citing In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir.1990) *See also, In re Gier*, 986 F.2d 1326 (10th Cir.1993).

■ In the instant case, Debtor has failed to state his debts and expenses accurately. In response to requests that he amend his schedules to accurately reflect his assets, debts, income and expenses, Debtor has amended his schedules, but the amended schedules continue to be incomplete and inaccurate.

In addition, Debtor is able to manipulate the amount of money he makes available to creditors, because he determines and varies his own compensation. Yet despite Debtor's control over his personal finances as the sole owner of the corporation that is his employer, Debtor does not know the extent of the assets and debts of that corporation or of the other corporations which he owns. Debtor has failed to provide the Trustee and the court with adequate information on which to base a determination of whether Debtor's plan meets the requirements for confirmation. The court concludes that the delay occasioned by Debtor's failure to provide accurate and complete information is prejudicial to the creditors. The court concludes that the instant case should be dismissed.

Section 109(g)(1) of the Bankruptcy Code provides that a debtor is ineligible to be a debtor in a case under Title 11 if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case. 11 U.S.C. § 109(g)(1).

■ The bankruptcy court has discretion to dismiss with prejudice to the refiling of a subsequent Chapter 13 case. 11 U.S.C. §§ 105, 349(a); *In re Stathatos*, 163 B.R. 83 (N.D.Tex.1993); In re Jolly, 143 B.R. 383 (E.D.Va.1992); *Benefield v. United States Trustee*, No. 3–91–1421–H, 1991 WL 542279 (N.D.Tex. Oct. 25, 1991); *In re Dilley*, 125 B.R. 189 (Bankr.N.D.Ohio 1991). Failure to file complete schedules is a willful failure to appear in proper prosecution of the case sufficient to dismiss with prejudice. *In re Tomlin*, 105 F.3d 933 (4th Cir.1997); *Matter of Welling*, 102 B.R. 720 (Bankr.S.D.Iowa 1989).

In the instant case, Debtor has failed to provide accurate schedules, a year after the filing of the petition. Debtor has amended his schedules in response to each request from creditors, the Chapter 13 Trustee, and the court, but those schedules remain incomplete and incorrect. This failure demonstrates a willful failure of Debtor to appear in proper prosecution of his Chapter 13 case. The court concludes that the instant case should be dismissed with prejudice.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned case with prejudice to filing another case under Title 11 within 180 days after entry of the Judgment.