United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2184

_____

| | | |
|---|---|---|
| In re:  Robert G. Zepecki | * | |
| | * | |
| Debtor, | * | |
| | * | |
| ------------------- | * | |
| | * | |
| Robert G. Zepecki, | * | |
| | * | Appeal from the United States |
| Petitioner-Appellant, | * | District Court for the |
| | * | Eastern District of Arkansas. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Bonnie L. Harlan; | * | |
| | * | |
| Respondent-Appellee, | * | |
| | * | |
| David D. Coop, | * | |
| | * | |
| Trustee-Appellee. | * | |

_____

Submitted: March 6, 1998
Filed: March 30, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert G. Zepecki appeals from the district court's[1] affirmance of the bankruptcy court's[2] grant of Bonnie L. Harlan's motion to convert Zepecki's Chapter 13 proceeding to a Chapter 7 proceeding. We affirm.

Zepecki commenced a voluntary Chapter 7 bankruptcy proceeding, which he successfully converted to a Chapter 13 proceeding. Harlan, Zepecki's ex-wife, moved to convert her ex-husband's Chapter 13 proceeding back to a Chapter 7 proceeding, on the ground that Zepecki had attempted to hide a real estate transaction and the disposal of its proceeds during a Chapter 7 meeting of creditors. Following a hearing, at which Zepecki testified, the bankruptcy court found that Zepecki's conduct warranted conversion of his proceeding, and granted the motion. On appeal, Zepecki argues that the bankruptcy court's findings of fact and conclusions of law were so vague that they failed to comply with Fed. R. Civ. P. 52(a) and, alternatively, that the bankruptcy court's findings of fact were clearly erroneous.

We conclude Zepecki's argument that the bankruptcy court's findings of fact and conclusions of law fail to comply with Fed. R. Civ. P. 52(a) is without merit. See Bankruptcy Rule 7052; Newton County Wildlife Ass'n v. United States Forest Service, 113 F.3d 110, 114 n.5 (8th Cir. 1997), cert. denied, 66 U.S.L.W. 3355 (U.S. Feb. 23, 1998) (No. 97-774).

We also conclude the bankruptcy court's determination that Zepecki filed his bankruptcy petition in bad faith is not clearly erroneous. See Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987) (standard of review). Within ten weeks before

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

filing his bankruptcy petition, Zepecki transferred to an Alabama attorney $102,989.17, representing the proceeds of the sale of real estate he owned in Illinois. This transfer occurred within a month after Zepecki's ex-wife obtained a divorce judgment for one-half of the amount of debt reduction on the property. Zepecki admitted he did not list the proceeds of the sale or the transfer, but instead represented that a corporation he owned had completed the real estate transaction. He testified that, at the time he filed the petition, the sale proceeds had gone toward an intended purchase of another property. The bankruptcy court stated it disbelieved Zepecki's testimony concerning the proceeds, and noting the proximity between the divorce decree, the transfer, and Zepecki's bankruptcy filing, concluded Zepecki had "shown every indication of dealing dishonestly with his creditors." Those determinations support a finding of bad faith warranting conversion. See In re Molitor, 76 F.3d 218, 221 (8th Cir. 1996) (affirming bankruptcy court's finding of bad faith where it was "undisputed at the motion hearing that [debtor] misrepresented both his tax liabilities and his monthly rent expenses on his schedules"); cf. In re Smith, 848 F.2d 813, 821 (7th Cir. 1988) (noting, in 11 U.S.C. § 1325 case, that courts have found debtors' conduct in filing for bankruptcy soon after entry of judgment indicates desire to manipulate bankruptcy procedures to avoid paying debt).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-