**In re Craig Thomas JONES, Debtor.**

**Bankruptcy No. A98–74058–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 12, 1999.

LOUIS U.L.J. 657 (1991).

C. David Butler, Atlanta, GA, Region 21, U.S. Trustee.

Sharon Foster Jones, Atlanta, GA, William C. McCurdy Jr., Woodstock, GA, for Debtor.

Neil C. Gordon, Atlanta, GA, for Macey, Wilensky, Cohen, Wittner & Kessler, LLP.

James H. Bones, Atlanta, GA, Standing Chapter 13 Trustee.

## ORDER

STACEY W. COTTON, Chief Judge.

This case came on for hearing on December 1, 1998, upon the Chapter 13 Trustee's motions to prohibit Debtor's voluntary dismissal of this case based upon a bad faith filing, to convert the case to Chapter 7 or to dismiss the case with prejudice; the Trustee's objections to Debtor's proposed plan; Debtor's objections to Trustee's employment of counsel; Debtor's motion to voluntarily dismiss case and motion of Sharon Foster Jones to withdraw as Debtor's counsel of record. Debtor, Craig T. Jones, his wife, Sharon Foster Jones, William McCurdy, counsel for Debtor, James H. Bone, Standing Chapter 13 Trustee, and Neil Gordon for Macey, Wilensky, Cohen, Wittner & Kessler, LLP, attorneys for Trustee, were present. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and(L). Upon consideration of the record, testimony of Sharon Foster Jones and Debtor, presentation of documents and argument of counsel, the court's findings of fact and conclusions of law are set forth hereinafter.

## FACTS

This Chapter 13 case was filed at 12:01 p.m. on August 20, 1998. The petition was signed by Craig T. Jones, Debtor, and Sharon Foster Jones, attorney for Debtor. This filing occurred prior to the commencement of a contempt action against Debtor in the Superior Court of Fulton County, Georgia, Civil Action File No. E–68917, captioned Craig T. Jones vs. Catherine M. Hubbard, which was scheduled for that same afternoon. Debtor and bankruptcy counsel acknowledge that they were under a duty to disclose the commencement of the bankruptcy case and the existence of the automatic stay to Superior

Court Judge Cynthia D. Wright, the plaintiff and Debtor's Superior Court counsel, and that they intentionally withheld such disclosure. (Transcript of December 1, 1998, Bankruptcy Court hearing ("Tr."), pp. 13–14 and 19–20).[1]

At the conclusion of the contempt hearing and after the Superior Court found Debtor to be in contempt, bankruptcy counsel, Sharon Foster Jones, identified herself to Judge Wright and announced that she had filed a Chapter 13 case earlier that afternoon and that Debtor "can't be found in contempt." (Trustee's Exhibit No. 1, Transcript of August 20, 1998, Superior Court hearing, p. 47). Thereafter, the court entered a written order of contempt finding, among other things, that Debtor committed a fraud on the court. (Trustee's Exhibit No. 2).

On September 15, 1998, the Chapter 13 Trustee filed a motion to prohibit Debtor from voluntarily dismissing his case and challenging the good faith of the petition. By order of September 18, 1998, the court granted the Trustee's motion pending a hearing and further order.

Thereafter, on September 28, 1998, Debtor filed a motion to voluntarily dismiss this case. On October 5, 1998, he filed an objection to the Trustee's September 30 application to employ counsel. The Trustee filed a response opposing dismissal and seeking conversion or dismissal with prejudice. He also filed objections to Debtor's proposed plan.

All matters came on for hearing on December 1, 1998. The parties appeared at the hearing and announced a settlement, subject to court approval, pursuant to which Debtor withdrew his objection to the Trustee's employment of counsel; Debtor agreed to pay attorney fees to Trustee's counsel as allowed by the court; and the parties agreed that Debtor's case would be dismissed with prejudice, such that Debtor will be ineligible to be a debtor in a case under Title 11 for a period of 2 years from the date of the entry of the order dismissing this case. This disposition moots all other issues.

1. Debtor testified that "as to whether I had an affirmative duty to disclose something which was a matter of public record, I understand that as a matter of legal and professional ethics for an

## DISCUSSION

■ The purpose of Chapter 13 of the Bankruptcy Code is to provide honest debtors an opportunity to stay creditor actions, adjust the debtor-creditor relationship, permit the debtor to propose a plan to pay creditors and rehabilitate the debtor financially. *Shell Oil Company v. Waldron (In re Waldron )*, 785 F.2d 936, 939 (11th Cir.1986), cert. dismissed, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986). Binding Eleventh Circuit precedent has established that an automatic stay arises upon the commencement of a Title 11 case which is binding upon creditors even if they do not have notice. *Jove Engineering, Inc. v. Internal Revenue Service (In re Jove Engineering, Inc.)*, 92 F.3d 1539 (11th Cir.1996); *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir.1984); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982).

Debtor filed a two-page Chapter 13 petition with verification and a mailing matrix listing Catherine M. Hubbard as his only creditor. Debtor knew, however, that he had several additional creditors which he subsequently set forth in his Schedule of Liabilities filed September 3, 1998. He listed state and federal priority tax claims totaling $140,500, child support arrearage of $3,100 and unsecured claims totaling $45,016.25 for a total of $188,616.25. Debtor's Schedules I and J reflect income of $5,250 and living expenses of $5,112.75, leaving a balance of $137.25 to pay creditors.

Debtor filed a Chapter 13 plan proposing to pay unsecured creditors' claims in full by paying $137.25 per month to the Chapter 13 Trustee for a minimum of 36 months. He also proposed to make direct payments to Ms. Hubbard for child support when due, unspecified payments to the Internal Revenue Service and Georgia Department of Revenue, with an unspecified final payment to the tax claimants subsequent to the maxi-

attorney and as an officer of that court, as well as this court, I probably had an ethical duty to do it, but I did not disclose it." (Tr. at p. 19)

mum five-year period for a Chapter 13 plan, and payment of his current student loans.

Section 1322(a)(2) of Title 11 provides that a plan shall "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of [Title 11], unless the holder of a particular claim agrees to a different treatment of such claim." The plan did not propose to pay the priority tax claims in full as required by § 1322(a)(2) and there is no indication or evidence that the tax claimants have or will agree to a different treatment. The $137.25 per month proposed payment to the Chapter 13 Trustee is clearly inadequate to pay priority tax claims totaling $140,500, child support arrears of $3,100 and unsecured debt of $45,016.25. Therefore, Debtor's proposed plan is neither feasible nor confirmable on its face.

■ The evidence establishes that Debtor filed this case for the purpose of staying the Superior Court action *only if he lost the contempt action in that court.* Debtor and bankruptcy counsel, Mrs. Jones, acknowledge that their purpose in withholding disclosure of Debtor's Chapter 13 case was to induce the Superior Court to hear and determine the contempt action on its merits. If Debtor won, he intended to dismiss his Chapter 13 bankruptcy case.[2] If he lost, he intended to, and did, inform Judge Wright of the bankruptcy filing in a deliberate effort to avoid entry and enforcement of an order of contempt.

Debtor and bankruptcy counsel, thus, wilfully induced Debtor's Superior Court counsel and plaintiff in that action to unwittingly violate the automatic stay. 11 U.S.C. § 362(a); *Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.)*, 825 F.2d 296 (11th Cir.1987). The court finds that Debtor filed this case to hinder, delay and frustrate his former spouse, Catherine M. Hubbard, in the prosecution of her child support contempt action and to frustrate any adverse contempt order of the Superior Court of Fulton County. Debtor's case was filed for an improper and wrongful purpose and not for purposes of rehabilitation. Therefore, the court concludes that the filing of this case was in bad faith and an abuse of the bankruptcy process and system.

■ Debtor now seeks to voluntarily dismiss this Chapter 13 case without prejudice and avoid administration of his case in this court. However, a voluntary dismissal may be delayed where allegations of fraud exist. In *Cotton v. Bank South, N.A. (In re Cotton )*, 992 F.2d 311, 312 (11th Cir.1993), the Eleventh Circuit addressed whether the district court properly delayed the granting of a voluntary dismissal by a Chapter 12 debtor pursuant to 11 U.S.C. § 1208(b).[3] In reversing, the Eleventh Circuit noted that reliance upon *In re Graven*, 936 F.2d 378 (8th Cir. 1991), was misplaced since there was an absence of fraud in the *Cotton* case while fraud was involved in *Graven*. The Eleventh Circuit did state, however, "we hold that the debtor does have a right to immediate dismissal, provided that the case has not been converted to an involuntary proceeding and the debtor has not engaged in fraud that would make immediate dismissal unjust." *In re Cotton*, 992 F.2d at 312. The language of 11 U.S.C. § 1307(b) regarding a Chapter 13 Debtor's right to dismiss is virtually identical to the language under 11 U.S.C. § 1208(b).

2. Upon direct questioning from the court, Debtor testified, "I would have ultimately dismissed [the case] once the arrearage was caught up. It's still not caught up, but I would have either dismissed it, or if the plan had been confirmed, I would have paid it into the plan, but my thinking was that I would come up with the money and we would dismiss it before we got as far as the confirmation." (Tr. at pp. 22–23). Before Fulton County Superior Court Judge Cynthia D. Wright, Debtor's bankruptcy counsel, wife and the individual who physically filed Debtor's petition stated, "Mr. Jones wanted to win on the merits because this is going to happen again over and over ... he was hoping that you would say

that it's—he was not in contempt and therefore we would just go and dismiss this...." (Trustee's Exhibit No. 1, Transcript of August 20, 1998, Superior Court hearing, p. 47). The court is convinced that Debtor had no intention of proceeding with his case in the absence of Judge Wright's contempt ruling.

3. Code section 1208(b) provides: On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Under § 1307(b), a Chapter 13 debtor generally has a right to immediate dismissal. 11 U.S.C. § 1307(b); *In re Penland,* 11 B.R. 522 (Bankr.N.D.Ga.1981)(Drake, J.). There is a split in authority regarding whether a debtor has an absolute right to dismiss a Chapter 13 case. Some courts interpret § 1307(b) to grant debtors an absolute right to dismiss their Chapter 13 cases, *see, e.g., Nash v. Kester (In re Nash),* 765 F.2d 1410 (9th Cir.1985); *In re Patton,* 209 B.R. 98 (Bankr. E.D.Tenn.1997); *In re Harper–Elder,* 184 B.R. 403, 404 (Bankr.D.D.C.1995) (collecting cases), while other courts have qualified a debtor's right to voluntarily dismiss a Chapter 13 case pursuant to § 1307(b), *see, e.g., Molitor v. Eidson (In re Molitor),* 76 F.3d 218 (8th Cir.1996); *In re Barbieri,* 226 B.R. 531 (E.D.N.Y.1998)(collecting cases); *In re Jacobs,* 43 B.R. 971 (Bankr.E.D.N.Y.1984).

Eleventh Circuit precedent provides that the petition must be filed with the honest intent and genuine desire to effectuate a reorganization or rehabilitation of a debtor and not merely as a device to serve some sinister and unworthy purpose. The court cannot and will not tolerate such misuse of the reorganization process. *In re Waldron,* 785 F.2d at 939 (citation omitted); *accord, Molitor, supra; In re Albany Partners, Ltd., supra.* The bankruptcy laws are a shield, not a sword. *In re Waldron,* 785 F.2d at 940. In discussing the cornerstone of the bankruptcy process, the *Waldron* Court stated:

The cornerstone of the bankruptcy courts has always been the doing of equity. The protections and forgiveness inherent in the bankruptcy laws surely require conduct consistent with the concepts of basic honesty. Good faith or basic honesty is the very antithesis of attempting to circumvent a legal obligation through a technicality of the law. The Waldrons, it seems clear to us, sought to abuse the process through a technicality to serve their own malevolent and selfish aims.

*Id.* at 941.

This precedent recognizes the purpose of protecting honest but unfortunate debtors and punishing abusive and wrongful behavior. The provisions of the Bankruptcy Code must be read in view of the overall purpose and design of the statute as a whole rather than view one subsection in isolation. *Molitor, supra.* Further, it is clear that the court is vested with the inherent power to control proceedings and the conduct of parties. *Glatter v. Mroz (In re Mroz),* 65 F.3d 1567, 1575 (11th Cir.1995). Such inherent power includes the power to sanction bad faith conduct. *Id.* The court cannot and will not tolerate the misuse of the reorganization process. *Waldron, supra.*

Because fraud, wrongful behavior or abusive misconduct was alleged in the case, the court delayed action on Debtor's motion for voluntary dismissal pursuant to 11 U.S.C. § 1307(b) to allow an investigation of alleged fraud, wrongful behavior or abusive misconduct. Delay in this instance permitted the Trustee opportunity to clearly establish that this case was filed for the wrongful purpose of hindering, delaying and frustrating the plaintiff and court in the Superior Court action. Such use of the bankruptcy process and system is abusive and warrants a denial of Debtor's motion to voluntarily dismiss without prejudice.[4] It appears that such delay and investigation has resulted in Debtor's consent on the record to dismissal with prejudice. Therefore, his motion to voluntarily dismiss his case without prejudice is moot.

---

**4.** In *Cooter & Gell v. Hartmarx, Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990), the Supreme Court stated, "the view more consistent with Rule 11's language and purposes, and the one supported by the weight of Circuit authority, is that district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal. *See, Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1076–1079 (C.A.7 1987), cert. dism'd, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988); *Greenberg v. Sala,* 822 F.2d 882, 885 (C.A.9 1987); *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600, 603–604 (C.A.1 1988) . . . As the 'violation of Rule 11 is complete when the paper is filed,' *Szabo Food Service, Inc.,* supra, at 1077, a voluntary dismissal does not expunge the Rule 11 violation." *See also, Baker v. Alderman,* 158 F.3d 516, 523 (11th Cir.1998); *Didie v. Howes,* 988 F.2d 1097, 1103 (11th Cir.1993). Even if Debtor's case had been dismissed, the court retains the power to investigate and sanction Debtor pursuant to Fed. R.Bankr.P. 9011.

Further it appears that Debtor and bankruptcy counsel, Sharon Foster Jones, have violated the following Canons of Ethics of the State Bar of Georgia, which provide:

**Directory Rule 1–102 Misconduct.**

(A) A lawyer shall not:

(1) violate a Disciplinary Rule;

(2) circumvent a Disciplinary Rule through actions of another;

(3) engage in illegal professional conduct involving moral turpitude;

(4) engage in illegal professional conduct involving dishonesty, fraud, deceit, or misrepresentation;

(5) engage in professional conduct that is prejudicial to the administration of justice;

(6) engage in any other professional conduct that adversely reflects on his fitness to practice law.

and

**Ethical Consideration 7–27**

Because it interferes with the proper administration of justice, a lawyer should not suppress evidence that he or his client has a legal obligation to reveal or to produce. In like manner, a lawyer should not advise or cause a person to secrete himself or to leave the jurisdiction of a tribunal for the purpose of making him unavailable as a witness therein.

Debtor and his bankruptcy counsel acknowledge that they should have disclosed the bankruptcy case filing, but wilfully and intentionally withheld such information. They further admit that Debtor intended to dismiss this case if he received a favorable ruling from Superior Court Judge Cynthia D. Wright. Such admissions reflect wilful professional misconduct involving at the very least fraud, deceit, misrepresentation and the suppression of relevant information. Moreover, such conduct is prejudicial to the administration of justice and a waste of valuable judicial resources.

The court is persuaded that Debtor did not commence this case for any rehabilitative purpose. *See, Shell Oil Co. v. Waldron (In re Waldron )*, 785 F.2d 936 (11th Cir.1986); *In re Albany Partners, Ltd.*, 749 F.2d at 674. Debtor never intended to propose a confirmable Chapter 13 plan to pay creditors. He filed this case for the sole purpose of frustrating one creditor and to shield himself against enforcement of a Superior Court contempt order. Bankruptcy counsel was aware of Debtor's intentions and knowingly assisted him in carrying out his scheme.[5]

Finally, the Chapter 13 Trustee has reported that Debtor has paid counsel fees as allowed by prior order. Therefore, this case is ready to be dismissed. Accordingly, it is

■ **ORDERED** that the automatic stay under 11 U.S.C. § 362(a) is annulled *ab initio* to the date and time of the filing of this case such that the orders of the Superior Court of Fulton County, Georgia may be enforced as provided by applicable nonbankruptcy law as fully as if no Chapter 13 case had been filed, and it is

**FURTHER ORDERED** that Debtor's motion to voluntarily dismiss his case without prejudice is **denied** and the Trustee's motion to dismiss with prejudice is **granted.**

The clerk is directed to provide a certified copy of this order and a copy of the transcript of the December 1, 1998 hearing to Judge Cynthia D. Wright, Superior Court of Fulton County, Georgia, and the State Bar of Georgia, and to serve a copy of this order upon Debtor, Debtor's counsel, the Chapter 13 Trustee, and the United States Trustee.

IT IS SO ORDERED.

---

**5.** Disciplinary Rule 4–102(a) provides: "The Standards of Conduct to be observed by members of the State Bar of Georgia and those authorized to practice law in Georgia are set forth herein and any violation thereof shall subject the offender to disciplinary action and/or punishment as herein provided." A lawyer engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation may be punished by disbarment. State Bar of Georgia Disciplinary Rule 4–102, Standard 4.