**In re Brian Michael NEIMAN, Debtor.**

**No. 00–24232–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 4, 2001.

Kevin Gleason, Ft. Lauderdale, FL.

L. Louis Mrachek, West Palm Beach, FL.

Nancy Herkert, Hialeah, FL, trustee.

---

## DECISION ON DEBTOR'S MOTION TO DISMISS

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS MATTER comes before the Court upon Brian Michael Neiman's (the "Debtor") Motion to Dismiss Chapter 13 Case (the "Debtor's Motion"). A creditors' Motion to Declare This Bankruptcy A Fraud on the Court and the Creditors, to Immediately Convert Proceeding to Chapter 7, for the Imposition of Sanctions and for Criminal Referral (the "Creditors' Motion") was pending before the Court at the time the Debtor's Motion was filed. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

### BACKGROUND

On July 10, 2000 the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code (11 U.S.C.). Prior to the filing, the Debtor had been found jointly and severally liable, along with two other individuals, for the attorneys' fees and costs incurred by creditors Automobili Lamborghini SpA and Automobili Lamborghini USA., Inc. (collectively "Lamborghini") in defense of an action brought in the name of Martin in U.S. District Court for the Southern District of Florida, Case No. 98–6621–CIV–DIMITROULEAS, (the "District Court Action"). Magistrate Johnson's January 31, 2000 Report and Recommendation in the District Court Action, adopted by Order of Judge Dimitrouleas, found that the Debtor had orchestrated a scheme to extort a settlement from Lamborghini by threats of a class action lawsuit. Magistrate Johnson's recommendation of rule 11(a) and 26(g) sanctions against the Debtor detailed the Debtor's willful forgery of thirty-six items filed with the court, and the Debtor's willful obstruction of discovery of evidence that established the falsity of the claim. Magistrate Johnson noted that the Debtor was sanctioned for similar conduct in another case

in which Judge Ryskamp described Debtor's action as terroristic threats that look like blackmail. Judge Dimitrouleas' Order in the District Court Action discussed the affect of the Debtor's criminal record, which included multiple fraud felony offenses, upon the Debtor's credibility. In addition to imposing sanctions upon the Debtor, Judge Dimitrouleas' Order granted the Defendant's Motion to Dismiss the Case for Fraud and referred the case to the State Attorney and United States Attorney for criminal investigation. The Debtor, a paralegal, has also been sanctioned by the Florida Bar acting on behalf of the Florida Supreme Court, for the unlicensed practice of law.

The Debtor's chapter 13 filing on July 10, 2000 coincided with an evidentiary hearing set that morning to determine the amount of fees owed to Lamborghini as a result of the sanctions imposed in the District Court Action. At that hearing, Debtor's counsel announced that the Debtor had just filed his chapter 13 petition. The hearing was stayed with respect to the Debtor and continued with respect to the other two individuals. On August 10, 2000 this Court granted Lamborghini's Motion for Relief from the Automatic Stay to the extent that Lamborghini could proceed with the District Court's evidentiary hearing to determine, but not collect, the amount owed by the Debtor for sanctions imposed. The Court also granted the Florida Bar's Motion for Stay Relief to the extent that proceedings against the Debtor could continue in order to determine the amount of, but not collect, sanctions and to seek injunctive relief.

On September 14, 2000, the Court entered an Order to Show Cause Why the Chapter 13 Case Should Not Be Dismissed ("Order To Show Cause") because it appeared that the Debtor might not meet the eligibility requirements of 11 U.S.C. § 109(e).[1] The Court permitted any inter-

---

1. 11 U.S.C. § 109(e) states in relevant part:

Only an individual with regular income that owes, on the date of the filing of the petition,

ested party to respond to the Order To Show Cause. Lamborghini, joined by other creditors, responded that the Debtor's unsecured debts exceeded the $269,250 eligibility limit and that Lamborghini alone sought well in excess of a million dollars in the District Court Action. Lamborghini's response also alleged that Debtor's petition was a bad faith filing and suggested that the case be converted to a chapter 7 case instead of being dismissed. The Debtor responded that he was an eligible chapter 13 debtor on the petition date because the District Court had not, at that time, determined the amount the Debtor owed to Lamborghini. The Debtor argued that the debt was therefore unliquidated and did not count toward the § 109(e) limits.

On October 26, 2000, the Court held an evidentiary hearing on the Order To Show Cause. At that hearing, the parties argued the requirements of § 109(e) and whether the debts in question were readily capable of being liquidated on the petition date.[2] Lamborghini asked the Court to immediately convert the chapter 13 case to a chapter 7 case instead of dismissing it. The Court declined this request because there was insufficient notice to the Debtor of the potential conversion.[3] The Court was advised that the District Court evidentiary hearing to determine the amount of the sanctions owed by the Debtor to Lamborghini was scheduled for December 4, 2000. The Court withheld ruling on the Order to Show Cause to allow the creditors to file a motion to convert, and continued the hearing until January 5, 2001.

On December 1, 2000, Lamborghini filed the Creditors' Motion which contained allegations of fraud, filing of false bankruptcy schedules, large undisclosed transfers of nonexempt assets to avoid creditors, attempts to convert nonexempt assets to claimed homestead property, and continued unrelenting efforts by the Debtor to manipulate the bankruptcy system in order to defraud creditors. The Creditors' Motion specifically asked that the Court bar the Debtor from voluntarily dismissing his bankruptcy. On December 22, 2000 the Debtor filed his Motion to Dismiss his case without notice or a hearing.[4] On January 3, 2001, Creditors filed a Response to the Debtor's Motion to Dismiss. Several objections to the Debtor's claimed exemptions have been filed during the pendency of this proceeding, and the Debtor's chapter 13 plan has not been confirmed.

## DISCUSSION

■ The issue before the Court is whether 11 U.S.C. § 1307(b) gives the Debtor an absolute pre-conversion right to voluntarily dismiss a chapter 13 case, when an 11 U.S.C. § 1307(c) motion to convert to chapter 7 for cause is pending. The Court holds that a chapter 13 debtor's § 1307(b) pre-conversion right to voluntary dismissal is absolute, notwithstanding a pending motion to convert for cause. For the reasons discussed below, the Court grants Debtor's Motion to Dismiss with prejudice.

A. Competing Motions Under § 1307(b) and § 1307(c).

The issue at bar arises when a court is presented with competing motions under § 1307(b) and § 1307(c).

11 U.S.C. § 1307(b) states:

noncontingent, liquidated, unsecured debts of less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750 ... may be a debtor under chapter 13 of this title.

2. For purposes of 11 U.S.C. § 109(e), a debt is liquidated under Eleventh Circuit law if the amount of the claim has been ascertained or can be readily calculated. See *United States v. Verdunn*, 89 F.3d 799 (11th Cir.1996).

3. 11 U.S.C. § 1307(c) requires notice and a hearing before a court can dismiss or convert a chapter 13 case on request of a party in interest.

4. A debtor's 11 U.S.C. § 1307(b) motion to dismiss does not require notice and a hearing. Bankruptcy Rule 1017.

On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307(c) states in relevant part:

[O]n request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

The proper interplay between § 1307(b) and § 1307(c) is unsettled in the courts. Granting a debtor's motion to dismiss pursuant to § 1307(b) necessarily renders a pending creditor's motion to convert moot and "render[s] § 1307(c) a nullity." *Gaudet v. Kirshenbaum Investment Co., Inc. (In re Gaudet)*, 132 B.R. 670, 676 (D.R.I. 1991). On the other hand, granting a creditor's motion to convert requires denying a chapter 13 debtor's right to dismiss, thereby rendering the "absence in subsection (b) of any condition to dismissal a nullity." *In re Harper–Elder*, 184 B.R. 403, 406 (Bankr.D.D.C.1995). Courts are divided as to which subsection controls. Some courts hold that subsection (b) trumps subsection (c) making the debtor's right to dismiss a chapter 13 case absolute. See e.g., *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 619 (2nd Cir.1999); *In re Patton*, 209 B.R. 98 (Bankr.E.D.Tenn.1997); *In re Harper–Elder*, 184 B.R. 403 (Bankr.D.D.C.1995). Other courts prefer to read the subsections together and then rule on the merits of the competing motions. These courts reason that Congress did not intend to give the debtor unfettered power to prevent conversion by simply filing a motion to dismiss whenever conversion was requested. See e.g., *Gaudet*, 132 B.R. 670 (D.R.I.1991); *Molitor v. Eidson (In re*

*Molitor)*, 76 F.3d 218, 220 (8th Cir.1996); *In re Johnson*, 228 B.R. 663 (Bankr. N.D.Ill.1999); *In re Vieweg*, 80 B.R. 838 (Bankr.E.D.Mich.1987); *In re Powers*, 48 B.R. 120 (Bankr.M.D.La.1985).

The split of authority is highlighted by comparing the Second Circuit's decision, *Barbieri*, 199 F.3d 616, 619 (2nd Cir.1999) holding that a debtor's right to dismiss a chapter 13 case is absolute, in effect ruling that § 1307(b) trumps § 1307(c), with the Eight Circuit's decision, *Molitor*, 76 F.3d 218, 220 (8th Cir.1996) restricting a chapter 13 debtor's right to voluntary dismissal and converting a case for cause in order to prevent abuse of the bankruptcy system, in effect weighing the merits of both motions.

The Second Circuit's *Barbieri* analysis concludes that § 1307 subsection (b) necessarily take precedence over subsection(c) based on the plain language of the statute, the legislative history, and the purpose behind the statute. *Barbieri*, 199 F.3d 616. The *Barbieri* court found:

Section 1307(b) unambiguously requires that if a debtor "at any time" moves to dismiss a case that has not been previously converted the court "shall" dismiss the action. The term "shall," as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court... The only limitation on the right to dismiss is stated in § 1307(b) itself, which provides for dismissal "if the case has not been converted under section 706, 1112, or 1208 of this title." *Id.* at 619 (citations omitted).

In contrast, the language of § 1307(c) provides that "the court *may* convert a case under this chapter (emphasis added)." The Second Circuit noted that when the words "may" and "shall" are used within the same provision, the normal inference is that "may" is permissive, and "shall" is mandatory. The mandatory nature of § 1307(b) becomes even clearer when compared with the permissive language of

§ 1307(c). *Id.* at 619. *Harper–Elder* found additional support for the conclusion that § 1307(b) is mandatory in that a party in interest's motion to convert or dismiss under subsection (c) is treated as a contested matter requiring notice and a hearing. A debtor's motion to dismiss under subsection (b), on the other hand, neither contemplates opposition to the motion, nor requires the debtor to meet the subsection (c) burden to prove dismissal is in the best interest of creditors and the estate. *Harper–Elder*, 184 B.R. at 406.

The *Barbieri* Court concluded, based on the plain language of the statute, that § 1307(b) gives the chapter 13 debtor an absolute pre-conversion right to dismiss, notwithstanding a creditor's pending motion to convert pursuant to § 1307(c). The court was satisfied that this decision corresponded with Congressional intent to create an entirely voluntary chapter of the Bankruptcy Code. "Chapter 13 was intended to be a purely voluntary chapter, as demonstrated by § 303(a) which provides that a chapter 13 case may not be commenced involuntarily." *Id.* at 620 (quoting *Harper–Elder*, 184 B.R. at 408).

Unlike the Second Circuit, the Eight Circuit reads § 1307(b) and (c) together in an attempt to harmonize the subsections and to implement the purpose of the bankruptcy code as a whole. *Molitor*, 76 F.3d 218 (8th Cir.1996). In *Molitor*, the Eight Circuit held that § 1307(c), allowing conversion to chapter 7 for cause, necessarily limits a chapter 13 debtor's right to voluntary dismissal. In affirming the trial court's denial of the debtor's voluntary dismissal, and the trial court's conversion to chapter 7 for "clear abuse of the legal process", the *Molitor* court looked to the "purpose and design of the statute as a whole rather than viewing one subsection in isolation." *Id.* at 220. The court was mindful that "the purpose of the bankrupt-cy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts." *Id.* The *Molitor* court reasoned that allowing the debtor "to respond to a motion to convert by voluntarily dismissing his case with impunity would render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses." *Id.*

*Molitor* and other decisions that weigh the merits of competing creditor motions to convert against debtor motions to dismiss under § 1307, are clearly motivated by a desire to prevent debtors from abusing the system for the purpose of delaying and defrauding creditors. However, as discussed below, the Court finds that the Code has other provisions to protect creditors in the face of an abusive debtor.

The Court concurs with the § 1307 statutory analysis presented by the Second Circuit. The word "shall" in § 1307(b) means the directive is mandatory. The Court has no discretion under this provision but to grant the Debtor's Motion, despite the § 1307(c) Creditor's Motion pending before the Court.

The *Molitor* decision has been criticized for jumping to secondary cannons of statutory construction by divining the purpose and design of the statute as whole, when "the plain language of the statute speaks clearly to the issue." *Patton*, 209 B.R. at 103. Despite its stated intention to carry out the purpose of the Bankruptcy Code, the result achieved in *Molitor* circumvents the § 303 [5] involuntary petition procedure Congress provided. *Barbieri*, 199 F.3d at 620. "To allow a creditor to convert a chapter 13 case to a chapter 7 liquidation notwithstanding a pending motion to dismiss filed by the debtor would permit the creditor to effectuate an involuntary petition without the need to satisfy the requi-

---

5. 11 U.S.C. § 303 details the requirements to commence an involuntary petition under chapter 7 or chapter 11 of the Bankruptcy Code. The required number of creditors, the required amount and specific nature of the claims, as well as remedies for the alleged debtor in the event of a bad faith filing are set out in the statute.

sites of § 303." *Id.* (quoting *Patton*, 209 B.R. at 102). Such a result is counter to the spirit of the Bankruptcy Code and unfair to the chapter 13 debtor. See *Harper-Elder*, 184 B.R. at 408. In this Court's view, when a court is presented with competing motions under § 1307(b) and (c), subsection (b) must control.

### B. Preventing Abuse of the Bankruptcy System

Creditors are not necessarily harmed, nor are debtors really benefitted by a dismissal *Id.* at 407. Dismissal of the case leaves a debtor open to the full extent of creditor's rights under state law. *Patton*, 209 B.R. at 104. Creditors are free to immediately pursue any available remedy in state court upon the dismissal of the case, because the debtor forfeits automatic stay protection by voluntary dismissal. 11 U.S.C. § 349(b). Furthermore, there is no danger that a creditor would be barred from bringing a cause of action, because under 11 U.S.C. § 108(c), the statute of limitations is tolled during the bankruptcy proceeding. *Barbieri*, 199 F.3d at 621.

Creditors may also file an involuntary petition under § 303 which is the method Congress provided for placing reluctant debtors into liquidation. *Harper-Elder*, 184 B.R. at 408. Dismissal coupled with the right of the Creditors to file an involuntary petition may be redundant to denying the motion to dismiss and converting the case, but the plain meaning of § 1307(b) gives the Debtor an absolute pre-conversion right to dismiss his chapter 13 case.

■ "While the Bankruptcy Court unquestionably has authority to prevent and punish abuses of its process, it does not necessarily follow that such authority includes the prerogative to prevent voluntary dismissal pursuant to § 1307(b)," *Gaudet*, 132 B.R. at 673, even where, as here, allegations of gross misconduct are present. It is however incumbent upon the Court to preserve the integrity of its process. To that end the Court exercises its discretion pursuant to 11 U.S.C. § 105 to grant the Debtor's Motion to Dismiss with Prejudice to the Debtor filing another bankruptcy petition in any jurisdiction for two years. See *In re Graffy*, 216 B.R. 888 (Bankr.M.D.Fla.1998) (conditioning dismissal with prejudice to debtor filing another bankruptcy petition in any jurisdiction for 2 years).

■ Finally, the Court has the power to impose sanctions in a proper case. Fed. R. Bankr.P. 9011(c). In addition to moving the Court to convert the case to a chapter 7 for fraud, Creditors' Motion requested its attorneys' fees and costs as a sanction against the Debtor based on allegations including Debtor's bad faith filing, delay and deception in filing schedules, intentional omission of assets and transfers, and advancement of frivolous legal theories to shield assets. Therefore, the Court retains jurisdiction to impose sanctions, notwithstanding the Debtor's voluntary dismissal of his chapter 13 case. See *Patton*, 209 B.R. at 105 (citing *In re Slaughter*, 191 B.R. 135, 139 (Bankr. W.D.Wis.1995) (ruling that the court retains jurisdiction over Rule 9011 issues after dismissal of Chapter 13 case)). If the Creditors choose to pursue a motion for sanctions against the Debtor, they should file a motion for sanctions with itemization of costs and attorneys' fees within thirty (30) days of the date of this decision.

### CONCLUSION

The Court finds that the Debtor's pre-conversion right to voluntarily dismiss his chapter 13 case is absolute, notwithstanding the pending Creditors' Motion to Convert to Chapter 7 for cause.

### ORDER

In accordance with the foregoing and with the Court being otherwise fully ad-

vised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

1. Debtor's Motion to Dismiss is GRANTED WITH PREJUDICE.

2. The above-captioned Chapter 13 Bankruptcy Case is dismissed with prejudice to Debtor's filing a bankruptcy proceeding in any jurisdiction for two (2) years after the date of this Order.

3. Creditors' Motion to Immediately Convert Proceeding to Chapter 7 is DENIED.

4. The Court reserves jurisdiction to rule on the Creditors' Motion for Sanctions against the Debtor.

5. If Creditors choose to pursue a Motion for Sanctions Against the Debtor, said motion should itemize costs and attorneys' fees, and be filed within thirty (30) days of the date of this Order.