In re Kenneth And Lois
PAGNAC, Debtors

**Kenneth And Lois Pagnac, Appellants,**

v.

**Minnesota Department Of
Revenue, Appellee.**

**BAP No. 98–6066 MN.**

United States Bankruptcy Appellate Panel,
of the Eighth Circuit.

Submitted Nov. 27, 1998.

Decided Dec. 30, 1998.

·Michael R. Ruffenach, Bemidji, MN, for appellant.

Roseanne H. Wirth, St. Paul, MN, for appellee.

Before KOGER, SCHERMER and SCOTT, Bankruptcy Judges.

SCOTT, Bankruptcy Judge.

The debtors appeal from an order of the bankruptcy court[1] overruling their objection to the proof of claim of the Minnesota Department of Revenue and dismissing their chapter 13 case. We affirm.

I

In 1992 the debtors filed a chapter 12 case. A plan was confirmed that same year and a discharge was granted in June 1996. The chapter 12 plan provided that all nonexempt property would remain property of the estate. During the pendency of the chapter 12 bankruptcy case, the debtors filed a state income tax return showing a total due of $12,591.36. The debtors made no payments on this debt and the Minnesota Department of Revenue took no action against the debtors during the pendency of the chapter 12 case to collect the debt. On August 5, 1997, approximately a year after receiving their chapter 12 discharge, the debtors filed a chapter 13 petition. As required by 11 U.S.C. § 1322, the confirmed plan provided that priority claims would be paid in full. The plan also provided for all nonexempt property to remain the property of the estate. The Minnesota Department of Revenue timely filed a proof of claim in the amount of $16,634.81, stating that the taxes were entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A)(i). Upon the

---

1. The Honorable Dennis O'Brien, United States Bankruptcy Judge for the District of Minnesota.

trustee's objection to their proof of claim,[2] the Minnesota Department of Revenue filed a document which outlined the issues and objected to the trustee's objection.[3] The debtors also filed documents and memoranda contesting the assertions of the Minnesota Department of Revenue. While the record is somewhat confusing due to the failure of parties to properly file, title, or articulate the proper nature of their pleadings, the parties and the court clearly understood the nature and legal effect of the issues. In effect, debtors and the trustee objected to the proof of claim,[4] asserting that the time period during which the taxes were entitled to priority treatment was not tolled by 11 U.S.C. § 108(c) and that since the Department of Revenue took no action to collect the taxes, by moving for relief from stay or objecting to the plan, tolling should not be permitted. In April 1998, the Minnesota Department of Revenue also filed a Motion to Dismiss and a Motion to Convert the case to chapter 7. The record does not reflect that the debtors raised the issues of confirmation, revocation or hardship discharge at that early juncture of the case. The issues regarding Minnesota's proof of claim were heard together with the motion to dismiss or convert.[5] At the conclusion of the hearing, the bankruptcy court overruled the objection to the proof of claim and dismissed the case.

## II.

We review the question of whether section 108(c) tolls the time period during which taxes are entitled to priority treatment *de novo* as a question of law. *See In re Montgomery*, 37 F.3d 413, 31 C.B.C.2d 1743 (8th Cir.1994). The issue of whether the bankruptcy court properly dismissed the bankruptcy case, presenting factual questions, is reviewed under the clearly erroneous standard. Fed. R. Bankr.P. 8013.

## III.

The debtors appeal the determination that the Minnesota Department of Revenue's claim is entitled to priority treatment, arguing that the plain language of section 108(c) does not toll the time period during which taxes are entitled to priority treatment under section 507(a)(8) of the Bankruptcy Code. Section 507(a)(8)(A)(i) provides for priority treatment for a tax measured by income for a prepetition taxable year for which a return was due within three years before the filing of the petition. Since the taxes were due more than three years before the filing of the chapter 13 petition, the debtors argue, they are not entitled to priority treatment. The majority of cases addressing the issue, however, have determined that this three year reach back period is suspended during the time the automatic stay is in place. *Waugh v. Internal Revenue Service (In re Waugh)*, 109 F.3d 489 (8th Cir.1997), *cert. denied,* ——— U.S. ———, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997); *In re Taylor*, 81 F.3d 20 (3d Cir. 1996); *West v. United States (In re West)*, 5 F.3d 423 (9th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *Montoya v. United States (In re Montoya)*, 965 F.2d 554 (7th Cir.1992).

Although the debtors seek to limit the Eighth Circuit Court of Appeal's decision in *Waugh*, that case clearly controls the outcome in this case. In *Waugh*, the Eighth Circuit unambiguously determined that 11 U.S.C. § 108(c)[6] and 26 U.S.C. § 6503(b), (h)

---

**2.** Although there was a document served upon the Minnesota Department of Revenue which indicated an objection to the proof of claim, the document does not appear to have been filed with the bankruptcy clerk

**3.** The document was titled an objection to confirmation. The content of the document, however, was clearly an objection to the trustee's notice of his objection to the proof of claim.

**4.** The record also contains an objection to the Proof of Claim of the Internal Revenue Service and memoranda of law regarding that separate

contested matter. The claim of the IRS was classified as a secured debt. It appears that the pendency of that claim was a factor in the bankruptcy court's determination to dismiss the case.

**5.** It does not appear that any evidence was offered by any party.

**6.** Section 108(c) provides for tolling of nonbankruptcy limitation periods during the time the automatic stay is in effect. In this manner, creditors do not lose their rights to commence actions against the debtors by the expiration of limitations periods which run during the time the

operate to suspend the three year priority period of section 507(a)(8)(A)(i). The decision is not limited by the fact that the taxes accrued prior to the first bankruptcy case or by any argument of bad faith.[7] Indeed, in *Waugh* the Eighth Circuit expressly stated that, "we do not imply that Waugh had ill intentions when he filed his successive bankruptcy petitions." *Waugh*, 109 F.3d at 494. Thus, debtors' arguments that *Waugh* should be limited in this manner is without merit.[8]

Similarly, in the *Waugh* opinion, we can find no basis in the law or policy for limiting the application of the general rule of suspension of the time period based on the timing of the accrual of the tax debt. The rationale behind the *Waugh* decision, as well as the plethora of cases reaching a similar result,[9] is that the creditor is precluded from pursuing its collection activities during the pendency of the prior bankruptcy case. *See In re Cowen*, 207 B.R. 207 (Bankr.E.D.Cal.1997); *In re Occhipinti*, 80 A.F.T.R.2d 97–8324, 1997 WL 837627 (Bankr.M.D.Fla.1997). Whether the debt accrued prior to or during the previous bankruptcy makes no difference to this analysis. Secondly, the language of section 108(c) does not support this argument. Section 108(c) provides for tolling of a time period so long as "such period has not expired before the date of the filing of the petition." *The petition* referred to in the statute is the petition commencing the *pending* case before the bankruptcy court, not the prior case. Thus, the debtors' continued reference to the fact that the taxes did not accrue prior to the *chapter 12 petition* and that section 108(c) cannot therefore apply, is misplaced. *Waugh* provides that the three year period is tolled during the pendency of a prior case, and that rule is applicable to and controls this proceeding.

## IV.

The debtors also assert that the failure of the Minnesota Department of Revenue to pursue remedies such as objecting to the plan or seeking relief from stay prohibits the tolling of the section 507(a)(8) reach back period. There is no requirement in the Code or in case authority that a creditor must seek relief from stay to enforce its right to collect its debt. *In re Cowen*, 207 B.R. at 210; *see Wekell v. United States*, 14 F.3d 32, 34 (9th Cir.1994)("The IRS did not obtain a relief from stay; nor was it required to."). Indeed, this argument is contrary to the policies and requirements imposed upon debtors in reorganization cases. Debtors are required to submit all of their disposable income for payment during the reorganization process, whether in chapter 12 or 13. The fact that a creditor during this period forebears collecting on a just debt is not grounds to deny later collection of the debt. There is also no indication in this record that the debtors would not have resisted attempts of a creditor to collect a debt while the debtors pursued their plan of reorganization. The argument that the Minnesota Department of Revenue should be precluded from collecting the debt because the debtors do not now like the legal advice they received in 1992 and 1993 is also without merit. Not only is the record devoid of any evidence that the tax advice was incorrect or that the tax debt was not in fact due, but this argument was also not raised below.

## V.

Finally, the debtors appeal the decision of the bankruptcy court dismissing their chapter 13 case. 11 U.S.C. § 1322 provides

---

automatic stay is in effect. The rationale of *Waugh* is not altered by the fact that the applicable statute tolling the time limitations is a state statute, Minn.Stat. § 289A.41, not a federal statute. Section 108(c) refers generally to applicable nonbankruptcy law.

**7.** This is in contrast to the decision by the Fifth Circuit urged by the debtors. *Quenzer v. United States (In re Quenzer)*, 19 F.3d 163 (5th Cir. 1993), is the only circuit case holding that the three year reach back period of section 507(a)(8) is not tolled. That case does not, however, reject

exercise of equitable powers to extend the time limit for tax collection. Rather, the Fifth Circuit Court of Appeals refused to permit the exercise of such power due to the paucity of facts in the evidentiary record.

**8.** In any event, no party presented any evidence of the debtors' good or bad faith and the bankruptcy court made no determination as to whether the debtors were attempting to manipulate the Bankruptcy Code.

**9.** *See Waugh*, 109 F.3d at 493 n. 8 (listing cases).

that a plan shall provide for full payment of all claims entitled to priority under section 507. In light of the determination that the state's claim was entitled to full payment as a priority claim and the plan required the trustee to pay all priority claims in full, the bankruptcy court essentially determined that a chapter 13 plan was an impossibility. A review of the record not only supports this determination, the debtors do not refute the bankruptcy court's factual conclusions. Accordingly, there was no abuse of discretion in dismissing the chapter 13 case for a material default by the debtor with respect to a term of the confirmed plan under section 1307(c)(6).

Rather than refuting the bankruptcy court's factual determination, the debtors argue that the bankruptcy court denied them an opportunity to apply for a hardship discharge. This issue was not raised, however, before the bankruptcy court and thus this factual determination should not and cannot be made by this court. *See In re Exec Tech Partners*, 107 F.3d 677 (8th Cir.1997). Merely responding to or defending against a motion to dismiss does not necessarily raise all of the legal issues which may be presented in a request for a hardship discharge. The debtors did not raise those issues. Rather, they now, for the first time on appeal, present the argument that the bankruptcy court should have stayed determination of the motion to dismiss for three years until completion of the plan in order that the debtors could then request a hardship discharge under section 1328(b). If a court were to accept this novel argument, a chapter 13 case would never be subject to a motion to dismiss until such time as the plan was *scheduled* to be completed, perhaps, as in this case, years after a motion to dismiss is filed. The result would be an absurdity. Similarly, the debtors did not raise any issue of revocation of discharge before the bankruptcy court. Even if they had, there is no factual or legal support for application of that statute in this context. *See* 11 U.S.C. § 1330(a).

Finally, the argument that the debt should be partially discharged based on some hardship theory is unavailing. First, as noted above, this was not raised before the bank-

ruptcy court and it is inappropriate for this court to make such a factual determination. Second, while it is true that some courts have permitted partial discharge of certain debts, *e.g., Bakkum v. Great Lakes Higher Educ. Corp. (In re Bakkum )*, 139 B.R. 680, 684 (Bankr.N.D.Ohio 1992); *contra Skaggs v. Great Lakes Higher Educ. Corp. (In re Skaggs )*, 196 B.R. 865, 866–67 (Bankr. W.D.Okla.1996), those cases exist only in the context of sections 523(a)(8) and 523(a)(15), governing discharge of student loans and divorce obligations, where hardship exists as a statutorily created issue. Section 507(a)(8), governing priority of certain taxes, has no hardship provision.

### VI.

Pursuant to the Eighth Circuit Court of Appeal's analysis of sections 507(a)(8) and 108(c) in *In re Waugh*, 109 F.3d 489 (8th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997), the three year period in section 507(a)(8)(A) was tolled during the pendency of the debtors' chapter 12 bankruptcy case. Accordingly, the bankruptcy court properly determined that the tax debts listed in the proof of claim filed by the Minnesota Department of Revenue were entitled to priority treatment. Based upon this legal determination, the bankruptcy court did not err in dismissing the chapter 13 case.