# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 00-6052 WM

---

In re:                                          *
                                                *
Richard C. Tolbert,                             *
                                                *
        Debtor.                                 *
                                                *
                                                *
Richard C. Tolbert,                             *      Appeal from the United States
                                                *      Bankruptcy Court for the
        Appellant,                              *      Western District of Missouri
                                                *
        v.                                      *
                                                *
Richard Fink, Trustee,                          *
                                                *
        Appellee.                               *

---

Submitted: September 26, 2000
Filed: November 24, 2000

---

Before KRESSEL, SCHERMER and SCOTT, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtor, Richard C. Tolbert, ("Debtor") appeals the bankruptcy court[1] order dismissing the Debtor's Chapter 13 bankruptcy filing with prejudice pursuant to 11 U.S.C. § 109(g). We have

---

[1]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issue on appeal is whether the bankruptcy court erred when it dismissed the Debtor's Chapter 13 bankruptcy case with prejudice pursuant to section 109(g). We conclude that the bankruptcy court's decision to dismiss the Debtor's Chapter 13 case with prejudice pursuant to section 109(g) was supported by facts in the record, and therefore we affirm.

BACKGROUND

When the Debtor filed a petition in a Chapter 13 bankruptcy case ("Case") on March 3, 2000, he had previously filed five cases within a three year period. The Debtor, in the current petition filed in the Case, stated that he would file a plan within the time allowed under the law. Federal Rule of Bankruptcy Procedure 3015(b) states, "[i]f the plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct." The Debtor did not file a plan and did not request an extension of time to file a plan on or before March 20, 2000, the deadline provided in Rule 3015(b).[2]

On March 21, 2000, the Chapter 13 trustee filed and served a motion to dismiss. When the bankruptcy court called the motion for hearing on April 10, 2000, the Debtor appeared in person.

Although the Debtor did not introduce any evidence at the hearing, the Trustee introduced evidence that the Debtor had filed five previous bankruptcy cases, all of which were dismissed for the Debtor's failure to file schedules and plans. In addition, the court noted that the Debtor stated in court that, "the purpose of these filings was to stay the City of Kansas City, Missouri from exercising its police power to issue citations and/or demolish buildings by him." The court stated that if the Debtor wanted to contest the city's actions, he should do so in a court with proper jurisdiction.

---

[2]Because March 18, 2000, which was 15 days after the filing of the Petition, fell on a Saturday, the plan was not due until March 20, 2000.

The court announced its decision and entered an order on April 10, 2000, dismissing the Debtor's Case and forbidding him to refile for 180 days from the date of the order pursuant to 11 U.S.C. § 109(g). The Debtor then filed his Notice of Appeal and Request for Stay Pending Appeal. In a subsequent order, the bankruptcy court denied the Debtor's request for stay pending appeal.

## STANDARD OF REVIEW

The Bankruptcy Appellate Panel reviews the bankruptcy court's factual findings for clear error and conclusions of law de novo. In re Wintz, 230 B.R. 840 (8th Cir. B.A.P. 1999), quoting Four B. Corporation v. Food Barn Stores, Inc., 107 F.3d 558 (8th Cir. B.A.P. 1997). The Bankruptcy Appellate Panel must be given a "definite and firm impression that a mistake has been committed" to determine that there was clear error in the bankruptcy court's findings. Wintz, 230 B.R. at 844, quoting In re Waugh, 95 F.3d 706, 711 (8th Cir.1996).

The issue of whether a bankruptcy court properly dismissed a bankruptcy case is a factual question to be reviewed under the clearly erroneous standard. Pagnac v. Minnesota Department of Revenue, 228 B.R. 219, 221 (8th Cir. B.A.P. 1998). If the bankruptcy court's conclusions supporting dismissal are supported by the facts, there is no abuse of discretion. Id. at 223. In its application, the abuse of discretion standard is indistinguishable from the clearly erroneous standard. Usery v. Usery (In re Usery), 242 B.R. 450, 457 (8th Cir. B.A.P. 1999), citing Forbes v. Forbes (In re Forbes), 215 B.R. 183, 187 n.6.

Likewise, the bankruptcy court has discretion to dismiss with prejudice to the refiling of a later Chapter 13 case. In re Nassar, 216 B.R. 606, 608 (Bankr. S.D. Tex. 1998). Whether a debtor's actions are willful within the meaning of section 109(g)(1) is a factual issue to reviewed by the clearly erroneous standard. In re Burgart, 141 B.R. 90, 91 (W.D. Pa. 1992).

## DISCUSSION

The bankruptcy court did not err by dismissing the Debtor's Case and barring him from refiling for 180 days from entry of the order pursuant to section 109(g). There is sufficient support in the record for the bankruptcy court's findings that this was the sixth bankruptcy filed by the Debtor since March 19, 1997, that each of the Debtor's prior cases was dismissed for failure to file schedules and a plan, and that the Debtor filed neither schedules nor a plan in the pending Case.

The Debtor claims that in its ruling dismissing the Case, the bankruptcy court misunderstood the Debtor's arguments made in court regarding his purpose for filing bankruptcy. He stated in his brief on appeal that his purpose was to stay foreclosure pending reorganization. We find the bankruptcy court's comprehension of the Debtor's arguments to be accurate. The court's finding that the Debtor abused the bankruptcy process is amply supported by the record.

In addition, the Debtor appears to claim he was not afforded due process because the judge did not send him an order to show cause why the case should not be dismissed for failure to file a plan and schedules as the judge had done in the Debtor's previous filings. The Debtor admits that he received the notice of hearing on the trustee's motion to dismiss, and the record reflects that he appeared in person for the hearing. In effect, there are no due process concerns.

At the conclusion of the hearing held on April 10, 2000, the bankruptcy court dismissed the chapter 13 case with prejudice to the refiling for 180 days. The order of dismissal was entered on April 11, 2000, and thus, on Sunday, October 8, 2000, the prohibition against filing a new bankruptcy case expired. Thus, it does not appear that there is anything for this Court to decide with regard to the bankruptcy court's injunction against the Debtor. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) ("Under Article II of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies ... This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the [478] Court of Appeals...").

CONCLUSION

For the foregoing reasons, we hold that the bankruptcy court did not err by dismissing the Case with prejudice pursuant to section 109(g). The judgment of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT