# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6022EM

_____

In re:                                              *
                                                    *
Rhonda K. Ruesch and                                *
Jeffrey N. Ruesch,                                  *
                                                    *
        Debtors                                     *
                                                    *
Rhonda K. Ruesch and                                *
Jeffrey N. Ruesch,                                  *
                                                    *
    Debtors-Appellants,                             *   Appeal from the United States
                                                    *   Bankruptcy Court for the Eastern
            v.                                       *   District of Missouri
                                                    *
Household Automotive Finance                        *
Corporation,                                        *
                                                    *
    Creditor-Appellee.                              *

_____

Submitted: November 15, 2005
Filed: December 5, 2005

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

The debtors in this chapter 13 case appeal from an order of the bankruptcy court[1] denying their "Combined Motion to Vacate Order Granting Relief From Stay and Prohibiting Debtor(sic) From Filing for 180 days and to Reinstate Case."  For the reasons iterated below, we affirm.

## THE RECORD

Pursuant to Fed. R. Bankr. P. 8009(b) and our Local Rule 8009A, the appellants were required, as part of their appeal, to file an appendix including, at a minimum, the documents designated in those two rules.  After much prompting from the clerk and an order to show cause threatening dismissal, the appellants filed something called "Index" which falls far short of any minimal compliance with those rules.  Other than the required Certification of Interested Parties and Certification of Related Cases, the Index includes only an order granting relief from the automatic stay, the notice of appeal, and a partial docket from the bankruptcy case.  Many important, relevant, and helpful documents are omitted; most seriously, the order from which the debtors are appealing and transcripts of the hearings held in the bankruptcy court.

In the absence of a record from which we are able to determine what actually occurred in the bankruptcy court; what evidence, if any, was adduced at the hearings in the bankruptcy court; and what findings were made by the bankruptcy court on the record, it is impossible for us to adequately review the merits of the debtors' appeal.  We would feel justified in affirming solely on that basis.  *Schmid v. United Bhd. of Carpenters and Joiners of Am.*, 827 F.2d 384,386 (8th Cir. 1987), *cert. denied*, 484 U.S. 1071 (1988).  However, in an attempt to be fair to the debtors, we have assembled a minimal record ourselves from the files of the bankruptcy court.  We

---

[1] The Honorable Kathy Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

2

have therefore reviewed the pleadings of the parties that led up to the two bankruptcy court orders of which the debtors complain, as well as a copy of the order from which the debtors appeal. Since no transcripts were ever prepared, we still lack detail of what happened at the hearings in the bankruptcy court.

## BACKGROUND

We cobbled together the following background from our review of the bankruptcy court records. The debtors filed their chapter 13 case on February 9, 2005. It was their fifth chapter 13 case over a 13-month period. The clerk gave a number of notices to the debtor of various deficiencies in their petition and related schedules. While many of these deficiencies were cured, as we will see later, some were not. On February 28, 2005, Household Automotive Finance Corporation, the appellee here, filed a motion to dismiss or, in the alternative, for relief from the automatic stay. Part of the relief sought in that motion was an order prohibiting the debtors from filing a new petition for 180 days after the dismissal of the pending case. A hearing on Household's motion was set for March 21, 2005, and the deadline for filing objections to the motion was set for March 14, 2005. The debtors did not file any objections to Household's motion and did not appear at the hearing. After the hearing, the bankruptcy court granted Household's motion for relief from automatic stay but denied its alternative motion to dismiss the case. The court indicated, however, that if the case was dismissed later, it would impose a 180-day bar to filing another case.

On March 31, 2005, pursuant to the court's earlier notice and because the debtors had failed to fully comply with the notice to cure deficiencies in their filings, the court dismissed the debtors' case and, as it indicated it would, barred the debtors from filing another case for 180 days from the date of the dismissal.

On April 5, 2005, the debtors filed the motion that ultimately led to this appeal. That motion, in both its title and its prayer for relief, asked the court to vacate the

3

order granting relief from the automatic stay and to "reinstate" their case. The body of the motion makes no mention of the order of dismissal nor does it indicate that the debtors, in fact, complied with the clerk's deficiency notices or otherwise assert any grounds in support of their request that their case be "reinstated." The concept of reinstatement has no statutory meaning that we are aware of, but we construe the language to be a request that the court vacate the order dismissing their case.

The debtors' motion was filed within ten days of the order of dismissal, but more than ten days after the entry of the order granting relief from the automatic stay. The motion also does not cite to or otherwise refer to any rule on which the motion might be based. We are thus left to assign the motion, as best we can, to the appropriate underlying procedural basis. See *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). As to the order granting relief from the automatic stay, because it was filed more than ten days after entry, we can only construe the motion to be a request for relief under Fed. R. Civ. P. 60, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024. Because the motion was filed within ten days of the dismissal order, we construe it to be one under either Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052 and 9014(c) or Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr P. 9023.

DISMISSAL ORDER

The debtors did not appeal from the dismissal order, but they did make a motion that would be considered timely under either Rule 52 or 59. However, nothing in the motion alleges any facts or argues any law which would entitle them to relief from the order of dismissal. In the absence of a transcript of the hearing on the debtors' motion, we have no choice but to assume that no such argument was made at the hearing. Nor does our review of the bankruptcy court's record indicate that the debtors ever cured the filing deficiencies which led to the court's dismissal order. Thus, we cannot say that the bankruptcy court abused its discretion in denying the debtors'

motion for relief from the order of dismissal. *Cedar Shore Resort, Inc., v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375, 378 (8th Cir. 2000).

To the extent that the debtors complain of the 180-day bar for filing another case, the stated period has expired and the appeal is moot. *Tolbert v. Fink (In re Tolbert)*, 255 B.R. 214, 217 (B.A.P. 8th Cir. 2000). In sum, we find no error in the bankruptcy court's original dismissal order nor in its order denying the debtors' motion to "reinstate" their case.

## RELIEF FROM STAY ORDER

First and foremost, the order granting Household relief from the automatic stay and the appeal from that order are rendered moot by the dismissal of the debtors' case. *Olive Street Inv., Inc., v. Howard Savings Bank*, 972 F.2d 214, 216 (8th Cir. 1992) Dismissal of a case terminates all existing stays. 11 U.S.C. § 362(c). Secondly, since the debtors did not either timely appeal the relief from stay order or file a timely motion under Rule 52 or 59 for relief from that order, the merits or propriety of the order itself are not properly at issue on appeal. *Sanders,* 862 F.2d at 169. The only inquiry for the bankruptcy court at the hearing and thus ours on appeal, is whether or not the debtors had shown grounds for relief from the relief from stay order under Rule 60. Our review is limited to determining whether the bankruptcy court abused its discretion in denying such a motion. *Id.*

In light of the fact that the debtors did not file any response to the motion for relief from the automatic stay, appear at the hearing in opposition to the motion, or file a timely motion for relief from that order, and have failed to supply any factual record demonstrating any mistake, inadvertence, or excusable neglect on their part for failure to do all of those things, we cannot say that the bankruptcy court abused its discretion in refusing to grant the debtors relief from the order granting Household relief from the automatic stay.

## CONCLUSION

The debtors failed to cure all of the deficiencies in their original filing. They failed to file a response to Household's motion for relief from the automatic stay. They failed to appear at the hearing on Household's motion. They failed to seek any timely relief from the order granting relief from the automatic stay. They failed to demonstrate any basis for relief from either the relief from stay order or the dismissal order at the hearing on their motion. They failed to provide us with an adequate record on appeal from which to review the bankruptcy court's orders. For all of these reasons, we affirm.

---