# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6027

_____

In re: Deborah Gertrude Steiner

*Debtor.*

_____

No. 19-6037

_____

In re: Neil Bruce Steiner

*Debtor.*

_____

Deborah Gertrude Steiner, formerly known

as Deborah Gertrude Thurner

and

Neil Bruce Steiner,

*Debtors – Appellants,*

v.

Wilmington Savings Fund Society, FSB, etc.,

*Movant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri – Kansas City

_____

Submitted:  February 19, 2020
Filed:  March 23, 2020

_____

Before SALADINO, Chief Judge, SCHERMER and SHODEEN, Bankruptcy
Judges.

_____

SHODEEN, Bankruptcy Judge,

Deborah and Neil Steiner each appeal the orders entered by the bankruptcy court dismissing their individual chapter 13 cases with a bar to re-filing for 180 days.  We have jurisdiction over this appeal from the final order of the bankruptcy court.[1]  *See* 28 U.S.C. § 158(b).  For the reasons that follow, we affirm.

**FACTS**

In 1996 Deborah and Neil Steiner (Steiners) executed a promissory note and mortgage for real estate located at NW 36th Street in Blue Springs, Missouri.  At the time that loan matured in April 2011 it was in default.  No payments have been made by the Steiners since that time.  Wilmington Savings Fund Society, FSB (Wilmington), the current owner of the loan, has attempted  foreclosure on the Blue Springs home on five separate occasions in the last two years.

---

[1] The Honorable Brian T. Fenimore, The Honorable Dennis R. Dow and the Honorable Cynthia A. Norton, Bankruptcy Judges, United States Bankruptcy Court for the Western District of Missouri.

The Steiners have filed eight chapter 13 bankruptcy petitions between 2010 and 2018. Of that total, Deborah initiated seven cases and Neil filed one; each of these proceedings was dismissed. On August 16, 2019 Deborah filed yet another individual petition under chapter 13. Neil followed suit on August 22, 2019.

Wilmington filed a Motion requesting relief from the automatic stay, and dismissal, in each of the Steiners' individual chapter 13 cases. Its request for expedited hearing was granted and conducted on August 29, 2019. At the conclusion of that hearing Wilmington's request to lift the stay was granted which allowed the pending foreclosure sale to proceed the following afternoon. The Court took the motions to dismiss the cases under advisement. Then, the Steiners filed a joint chapter 7 petition.

On August 30, 2019 the Court ordered dismissal of all three of the Steiners pending bankruptcy cases with a bar to re-filing for 180 days. The Steiners appeal the orders dismissing their individual chapter 13 cases.[2]

**STANDARD OF REVIEW**

A bankruptcy court's decision to dismiss a case with a bar to re-filing is reviewed for an abuse of discretion. *In re Marshall*, 596 B.R. 366, 368 (B.A.P. 8th Cir. 2019), *reh'g denied* (Mar. 20, 2019), *aff'd*, No. 19-1634, 2019 WL 4657414 (8th Cir. Aug. 6, 2019), citing <u>Marshall v. McCarty (*In re Marshall* ), 407 B.R. 359, 361 (8th Cir. BAP 2009)</u>.

> A court abuses its discretion when a relevant factor that should have
> been given significant weight is not considered; when an irrelevant or

---

[2]The orders granting stay relief to Wilmington and the dismissal of their joint chapter 7 case were not appealed.

improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013) (citations omitted). "If the bankruptcy court's conclusions supporting dismissal are supported by the facts, there is no abuse of discretion." *Tolbert v. Fink (In re Tolbert)*, 255 B.R. 214, 216 (B.A.P. 8th Cir. 2000); *Pagnac v. Minnesota Department of Revenue, 228 B.R. 219, 223 (8th Cir. B.A.P. 1998)*.

## DISCUSSION

The Bankruptcy Code states that:

[O]n request of a party in interest . . . and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause. . .

11 U.S.C. §1307(c). Cause can be demonstrated by a debtor's bad faith. *LaBarge v. Rotellini (In re Rotellini)*, 510 B.R. 241, 244 (Bankr. E.D. Mo. 2014); citing *Molitor v. Eidson (In re Molitor),* 76 F.3d 218, 220 (8th Cir. 1996). Determining whether a debtor's bankruptcy filing is made in good faith, or bad faith, is a factual inquiry based upon the totality of the circumstances. *In re Rotellini*, 510 B.R. at 244; *In re Marshall*, 407 B.R. at 362. Several factors may be evaluated to determine bad faith, including a debtor's "atypical" conduct and any attempt to manipulate or abuse the bankruptcy process are both relevant. *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 382 (2007).

4

The Steiners cannot deny that they have filed multiple bankruptcy cases. Instead, they identify three reasons why the dismissal of their pending chapter 13 cases was improper: 1) attempts to obtain a loan modification on five separate occasions received no responses; 2) payment of the mortgage through any of the chapter 13 cases did not occur because Wilmington never submitted a claim; and 3) denial of due process related to the expedited hearing and telephonic ruling. Why these arguments are relevant is not fully explained. In spite of their stated intentions, each of their prior cases was dismissed for failing to make plan payments to their creditors, which by their admissions, included Wilmington. The due process argument also lacks merit. It is apparent from the record that the bankruptcy court accommodated the interests of all parties, including the Steiners, in setting the expedited hearing. There is no information that would indicate that the Steiners had additional information that they were unable to present at the expedited hearing due to the shortened time frame. The matter scheduled for August 30, 2019 was arranged for the sole purpose of rendering the bankruptcy court's ruling on the motions to dismiss. Again, in an effort to accommodate the Steiners' travel plans for that date, it was conducted telephonically. The record clearly demonstrates that the Steiners were present and participated.

The manner in which the Steiners pursued bankruptcy relief was described by the bankruptcy court in its ruling. Deborah Steiner's first Chapter 13 filing was February 22, 2010; it was dismissed less than two months later for failure to make plan payments. She filed a second Chapter 13 case a mere three months after the dismissal of her first case; it was also dismissed for failure to make plan payments. Shortly after the second case was dismissed, Deborah filed a third case on February 8, 2012; a little over a year later it was dismissed for failure to comply with the court's conditional order to cure payment delinquencies. Again, soon after that

case was dismissed, she filed her fourth Chapter 13 petition; three months later it was dismissed for failure to commence and make plan payments.  A fifth case was filed on April 4, 2016; and it was dismissed less than a year later due to a default in plan payments.  About one month later, she filed her sixth Chapter 13 case; it was soon dismissed as a bad faith filing and a bar to re-filing was imposed for 180 days.  A seventh case filed in October 2018 was dismissed for failure to make plan payments.   Prior to this appeal, Neil Steiner filed a chapter 13 case that was dismissed.  Based upon these facts the bankruptcy court found the Steiners' filings were part of a "long-running scheme to manipulate and abuse the Bankruptcy Code and the bankruptcy system to the extreme detriment of their creditors, particularly Wilmington Savings."  Such conduct constitutes "bad faith."  *In re Marshall*, 407 B.R. at 362.

Bankruptcy courts "invariably derive from § 105(a) or § 349(a) of the Code . . . the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy filings for [over] 180 days."  *In re Marshall*, 407 B.R. at 363; citing *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 337 (2d Cir. 1999).   Barring subsequent filing is a severe sanction and is only warranted where there is found to be egregious misconduct.  *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997) (citations omitted).  Based upon this, a prohibition on refiling is typically reserved for instances "where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral."  *In re Marshall,* 407 B.R. at 363.  The Steiners' are explicit that their repeated filings are for the sole purpose of saving their home, therefore to the extent the bankruptcy court concluded that a prohibition on filing was necessary it cannot be said to be an abuse of discretion.

Accordingly, we affirm.

––––––––––––––––––––––––