# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6024

_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Debtor - Appellant*

v.

Mark T. McCarty

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: February 19, 2019
Filed: February 28, 2019

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Debtor Theresa Marshall appeals the September 4, 2018 order of the bankruptcy court[1] granting Chapter 13 Trustee Mark T. McCarty's ("Trustee") motion to dismiss Debtor's bankruptcy case. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). We affirm.

BACKGROUND

Debtor filed a petition for relief under chapter 13 of the bankruptcy code. In Part 5 of her petition, Debtor was advised "[t]he law requires that you receive a briefing about credit counseling before you file for bankruptcy" and was instructed to check one of four boxes to indicate whether she had received such a briefing.

A debtor checking the first box represents: "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion." A debtor checking this box is instructed to attach a copy of the certificate.

A debtor checking the second box represents: "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion." A debtor checking this box is instructed to file a copy of the certificate within fourteen days.

A debtor checking the third box certifies: "I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement." A debtor checking this box is instructed to "attach a separate sheet explaining what efforts you made to obtain the briefing, why

---

[1]The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case."

A debtor checking the fourth box represents: "I am not required to receive a briefing about credit counseling because of [incapacity, disability, or active duty]." A debtor checking this box is instructed to "file a motion for waiver of credit counseling with the court."

Debtor checked the first box, thereby representing she had received the requisite briefing within the 180 days before she filed her petition and had received a certificate of completion. Debtor did not, however, attach a copy of such a certificate.

Citing Debtor's failure to file a certificate of completion, a certification of exigent circumstances, or a request for a waiver of the credit counseling requirement due to incapacity, disability, or military service, Trustee filed a motion to dismiss Debtor's case. Debtor responded, first by filing a certificate of counseling that showed Debtor had received the requisite briefing four weeks *after* she filed her petition and then by filing an objection to Trustee's motion to dismiss. In her objection, Debtor attempted to excuse her failure to receive the requisite briefing within the 180 days before she filed her petition by claiming–seemingly inconsistently–she "did not remember that she needed to do credit counseling before she filed Chapter 13" and she "misread question and believed that credit counseling that she had previously taken on/about October 26, 2016 met credit counseling requirement."[2]

---

[2]The underlining here and throughout our opinion where we quote Debtor is Debtor's, not ours.

Following a hearing, the bankruptcy court granted Trustee's motion and dismissed Debtor's case with a 180-day bar to refiling. Debtor timely appealed.

## STANDARD OF REVIEW

In the section of her brief headed "ISSUES," Debtor poses two issues: (1) whether the bankruptcy court erred in dismissing her case; and (2) whether the bankruptcy court erred in barring her from refiling for 180 days.[3] We review both the bankruptcy court's decision to dismiss Debtor's case and the bankruptcy court's decision to bar Debtor from refiling for 180 days for an abuse of discretion. *Marshall v. McCarty* (*In re Marshall*), 407 B.R. 359, 361 (B.A.P. 8th Cir. 2009).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

## DISCUSSION

With respect to the first issue Debtor poses, the bankruptcy code establishes certain eligibility requirements for individual debtors:

---

[3]In a later section of her brief headed "ISSUES APPEALING," Debtor purports to raise a number of other issues. These additional "issues" are better characterized as arguments in support of Debtor's contention that the bankruptcy court erred in dismissing her case and barring her from refiling, and we treat them as such below.

[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

An exception is made for debtors who reside in districts for which the United States Trustee determines approved nonprofit budget and credit counseling agencies cannot provide the necessary credit counseling services. 11 U.S.C. § 109(h)(2)(A). Another exception is made for debtors who submit with their petition a certification that describes exigent circumstances, states the debtor requested credit counseling but was unable to obtain such counseling within seven days of making the request, and persuades the bankruptcy court to grant the debtor a temporary waiver of the credit counseling requirement. 11 U.S.C. § 109(h)(3)(A); Fed.R.Bankr.P. 1007(b)(3)(C) and (c). A final exception is made for debtors who the bankruptcy court determines, on the debtor's request filed with the petition and after notice and a hearing, are unable to complete credit counseling due to incapacity, disability, or active military duty in a military combat zone. 11 U.S.C. § 109(h)(4); Fed.R.Bankr.P. 1007(b)(3)(D) and (c).

In this case, despite checking the box on her petition to represent she had received credit counseling within the 180 days before she filed her petition, Debtor did not claim–much less offer any proof–she actually received such counseling within the time allowed. She did not suggest the United States Trustee has determined there are no nonprofit budget and credit counseling agencies in the Eastern District of

Arkansas that can provide the required credit counseling services. She did not submit–with her petition or otherwise–the required certification to obtain a temporary waiver of the credit counseling requirement due to exigent circumstances. And she did not file–with her petition or otherwise–the required request that the bankruptcy court determine she was unable to complete credit counseling due to incapacity, disability, or active military duty in a military combat zone.

The record supports both Trustee's contention that Debtor did not satisfy the requirements of § 109(h) and thus could not be a debtor under the bankruptcy code and the bankruptcy court's decision to grant Trustee's motion to dismiss. That being so, we cannot say the bankruptcy court abused its discretion in dismissing Debtor's case. *Dixon v. LaBarge* (*In re Dixon*), 338 B.R. 383, 389-90 (B.A.P. 8th Cir. 2006).

Debtor nevertheless argues the bankruptcy court erred in "accepting a defective proof of claim from <u>alleged</u> creditor, Deutsche Bank Trust" and "[n]o paperwork was filed with court by servicer Wells Fargo Home Mortgage, or alleged trustee, Deutsche Bank National Trust." Debtor also argues the bankruptcy court erred in dismissing her case "when there was a question of legal standing by <u>alleged</u> creditor Deutsche Bank Trust and proper paperwork has never been tendered or made to submit by court" and "when opposing counsel filed notice of appearance <u>and</u> proof of claim (1) day before hearing of August 30, 2018 . . . [and] received relief from stay and right by court to sell debtors [*sic*] home of (26) twenty-six years."[4] These arguments appear to relate to a different matter entirely, and Debtor does not explain how they have any bearing on her eligibility to be a debtor under the bankruptcy code.

---

[4]Debtor does not seem to be referring to Trustee or Trustee's attorney when she says "opposing counsel."

-6-

Debtor also argues the bankruptcy court erred in dismissing her case "when there was a question of fraud on the court by opposing counsel[,]"[5] "when [a] recusal motion was before [the] bankruptcy court . . . [and] there was a judicial complaint against opposing counsel[,]" "where there was no hearing held, no witness from opposing side to testify, no violation by debtor in payments to Trustee, etc.[,]" "when proper notice was not given to prepare for Hearing of August 30, 2018[,]" and "when order/judgement [*sic*] was (1) week from being null and void." Again, Debtor does not explain how these arguments have any bearing on her eligibility to be a debtor under the bankruptcy code.

Some of Debtor's arguments, however, warrant further discussion. First, Debtor's motion to recuse was one of several related matters on the bankruptcy court's calendar. The bankruptcy court considered and denied Debtor's motion before addressing Trustee's motion to dismiss. Debtor appealed the bankruptcy court's order denying her motion, and we dismissed her appeal for lack of jurisdiction. *Theresa Marshall v. Wells Fargo Bank N.A.* (*In re Marshall*), No. 18-6025 (B.A.P. 8th Cir. Sept. 27, 2018).

Second, as we noted above, the bankruptcy court *did* hold a hearing on Trustee's motion to dismiss. The bankruptcy court heard the testimony of one of Trustee's staff attorneys. Debtor was afforded an opportunity to cross-examine Trustee's witness, but she declined, stating: "No, that's pretty much what – what happened." Debtor was also afforded an opportunity to present her own witnesses, but she again declined.

---

[5]Debtor repeats this argument three times. She does not, however, describe the alleged fraud or specifically identify Trustee or Trustee's attorney as the perpetrator of the alleged fraud. It is likely Debtor is referring to Deutsche Bank National Trust Company, which she named in the June 27, 2018 motion she references in her brief. In that motion, Debtor asked the bankruptcy court to dismiss for fraud upon the court certain unspecified motions filed by Deutsche Bank National Trust Company.

Third, nothing in the record suggests Debtor did not receive notice of either the originally scheduled hearing or the continued hearing on Trustee's motion to dismiss. And Debtor does not explain how either of those notices was not "proper."

Finally, Debtor does not identify the order or judgment to which she is referring in her final argument or explain how that order or judgment would be rendered null and void. If she is referring to the bankruptcy court's order granting Trustee's motion to dismiss, we are unaware of any reason why that order would have been rendered null and void by anything happening in Debtor's case or elsewhere within a week of the hearing on Trustee's motion to dismiss. And if she is referring to some other order or judgment, we are likewise unaware of any reason why such an order or judgment would call into question the correctness of the bankruptcy court's decision to dismiss Debtor's case.

With respect to the second issue Debtor poses, we previously held, in an earlier case also involving Debtor and Trustee, a bankruptcy court has the power to bar a debtor from refiling:

> Bankruptcy courts invariably derive from § 105(a) or § 349(a) of the Code the power to sanction bad-faith serial filers by prohibiting further bankruptcy filings for over 180 days. In evaluating whether to bar subsequent filings, courts have recognized that a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct. Court orders prohibiting refiling often occur where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral or where the debtor files a subsequent petition in violation of a previous order. Thus, Courts in this circuit have barred refiling to allow a creditor to exercise its rights under state law where

-8-

serial filings abuse the bankruptcy process and cannot be prevented by an injunction under § 109(g).[6]

*Marshall*, 407 B.R. at 363 (citations, internal quotation marks, ellipses, and brackets omitted).

That earlier case was Debtor's fourth chapter 13 case since 1995, "all of which were filed on the eve of foreclosure." *Id.* at 361. Debtor's second and third chapter 13 cases were dismissed for Debtor's failure to comply with "strict compliance orders" that required Debtor to make all her plan payments on time. *Id.* Finding Debtor's fourth chapter 13 case to be "abusive in the extreme," the bankruptcy court dismissed it and barred her from refiling for one year. *Id.* On appeal, we affirmed the bankruptcy court's decision. *Id.* at 363.

Debtor admits this is her sixth bankruptcy case,[7] and she admits she filed it because she was once again about to lose her home.[8] In deciding to bar her from

---

[6]Section 109(g) prohibits an individual who has been a debtor under the bankruptcy code within the preceding 180 days from being a debtor under the bankruptcy code if the previous case was dismissed for the debtor's willful failure to abide by court orders or to appear before the court in proper prosecution of the case or if the previous case was voluntarily dismissed following the filing of a motion for relief from the automatic stay. 11 U.S.C. § 109(g).

[7]Debtor's fifth chapter 13 case was also dismissed. *In re Theresa Marshall*, Bankr. No. 4:16-bk-15651 (Bankr. E.D. Ark. Dec. 6, 2017). Debtor appealed, and we dismissed her appeal for a variety of reasons, including the fact that while her appeal was still pending, she filed the chapter 13 case that led to the instant appeal. *Theresa Marshall v. Mark T. McCarty* (*In re Marshall*), No. 18-6008 (B.A.P. 8th Cir. Aug. 13, 2018). Debtor then appealed to the Eighth Circuit court of appeals, and that court dismissed her appeal as untimely. *Theresa Marshall v. Mark T. McCarty* (*In re Marshall*), No. 18-3142 (8th Cir. Oct. 16, 2018).

[8]Despite Debtor's efforts, she was evicted from her home on October 31, 2018.

filing a seventh bankruptcy case for 180 days, the bankruptcy court found Debtor's "bankruptcy and bankruptcies have simply been, in many ways, an abuse of the system."

On appeal, Debtor does not challenge the bankruptcy court's finding. In light of our holding in *Marshall*, 407 B.R. at 363, and the shorter bar to refiling imposed by the bankruptcy court in this case, we cannot say the bankruptcy court abused its discretion in barring Debtor from refiling for 180 days.[9]

## CONCLUSION

For the reasons stated, we are not persuaded the bankruptcy court abused its discretion either in dismissing Debtor's case or in barring Debtor from refiling for 180 days. Consequently, we affirm the bankruptcy court's September 4, 2018 order granting Trustee's motion to dismiss Debtor's case.

---

[9]By our calculation, the 180 days will, in any event, expire on March 3, 2019, rendering this issue moot.