# United States Bankruptcy Appellate Panel
## For the Eighth Circuit
_____

No. 19-6030
_____

In re: Miguel Ignacio Benitez

*Debtor - Appellant*
_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - St. Joseph
_____

Submitted:  January 14, 2020
Filed:  February 4, 2020
_____

Before SCHERMER, NAIL and SHODEEN, Bankruptcy Judges.
_____

SCHERMER, Bankruptcy Judge

Miguel Ignacio Benitez (Debtor) appeals the bankruptcy court's[1] dismissal of his Chapter 13 bankruptcy case.  We have jurisdiction over this appeal from the final order of the bankruptcy court.  *See* 28 U.S.C. § 158(b).  For the reasons that follow, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court properly dismissed the Debtor's Chapter 13 case as void because it was a violation of the automatic stay in his pending Chapter 7 bankruptcy case.  We hold that it did.

_____

[1]  The Honorable Brian T. Fenimore, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

## BACKGROUND

In 2017, the Debtor filed a Chapter 7 bankruptcy petition. The bankruptcy court granted the motion for relief from the automatic stay filed by a secured creditor, PBS Credit Services, Inc. (Creditor), with respect to real property (Property) in which the Debtor held an interest. The court also denied the Debtor's motion "for reconsideration of" the order granting stay relief.

Less than two weeks after the bankruptcy court denied the Debtor's request to reconsider its stay relief order, and while his Chapter 7 case was pending, the Debtor filed his Chapter 13 petition. He had not obtained a Chapter 7 discharge and the Chapter 7 trustee had not abandoned the Property. The bankruptcy court promptly issued an order requiring the Debtor to appear and show cause why his Chapter 13 case should not be dismissed as a violation of the automatic stay in his already-pending Chapter 7 case. After a hearing at which the Debtor appeared and argued, the bankruptcy court dismissed the Debtor's Chapter 13 case as a violation of the automatic stay in his pending Chapter 7 case. It also offered alternative grounds for dismissal.

## STANDARD OF REVIEW

"We review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Ad Hoc Comm. of Non-Consenting Creditors v. Peabody Energy Corp. (In re Peabody Energy Corp.),* 933 F.3d 918, 924 (8th Cir. 2019). The bankruptcy court's decision to dismiss a Chapter 13 case is reviewed for an abuse of discretion. *Marshall v. McCarty (In re Marshall),* 596 B.R. 366, 368 (B.A.P. 8th Cir. 2019), *aff'd,* No. 19-1634, 2019 WL 4657414 (8th Cir. 2019). "[T]he applicability of the automatic stay to a pending matter is an issue of law." *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).

## DISCUSSION

When a debtor files a bankruptcy petition, Bankruptcy Code § 362(a)(3) imposes an automatic stay of "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The stay is "applicable to all entities," including the

Debtor.  11 U.SC. §362(a).  The Eighth Circuit Court of Appeals has included within the scope of the stay attempts to exercise control over property of the estate.  *Knaus v. Concordia Lumber Co., Inc. (In re Knaus),* 889 F.2d 773, 774 (8th Cir. 1989) (quoting 11 U.S.C. §362(a)(3)) ("Upon the filing of a bankruptcy petition, section 362 imposes automatically a stay upon most actions by creditors to satisfy their claims against the debtor, including attempts 'to exercise control over property in the estate.' ").

As the bankruptcy court stated, other than the relief obtained by the Creditor, the automatic stay in the Debtor's Chapter 7 case was still in place when the Debtor filed his Chapter 13 petition.  11 U.S.C. §362(c)(1) and (2) (In the case of an individual Chapter 7 debtor, generally the automatic stay "of an act against property of the estate . . . continues until such property is no longer property of the estate," and the automatic "stay of any other act . . . continues until the earliest of . . . the time the case is closed;. . . the time the case is dismissed; or . . . the time a discharge is granted or denied.").

Based on the facts of this case, we agree with the bankruptcy court that the filing of the Debtor's Chapter 13 case violated the automatic stay in his Chapter 7 case and was void.  *Vierkant*, 240 B.R. at 325 ("[A]n an action taken in violation of the automatic stay is void ab initio.").  By filing his Chapter 13 petition, the Debtor attempted to exercise control over his interest in the Property, which is undisputed to be property of his Chapter 7 bankruptcy estate.[2]  The record shows that the Debtor treated the Chapter 7 and Chapter 13 estates as co-equal.  As he admits in his brief on appeal, the Debtor listed his interest in the Property as an asset on his Chapter 13

---

[2] We take no position on the question of whether the filing of Debtor's chapter 13 petition had any effect on the property of the bankruptcy estate in his pending chapter 7 case.  *See In re Shankman*, 382 B.R. 591, 595 (Bankr. E.D.N.Y. 2008) ("[I]f an asset is property of the estate in a Chapter 7 case, it is not property of the debtor at the time of the filing of the subsequent Chapter 13 case, and therefore does not become property of the estate in the Chapter 13 case.  In other words, an asset cannot be property of the estate in two bankruptcy cases at the same time.").

schedules. And, the record supports the bankruptcy court's observation that the Debtor filed his Chapter 13 case as an effort to stop the foreclosure of the Property noticed by the Creditor after it obtained stay relief in the Debtor's Chapter 7 case. *See In re Munroe,* 568 B.R. 631 (Bankr. E.D. Mich. 2017) (Debtors' filing of Chapter 13 case violated the automatic stay in their still-pending Chapter 7 case where it was obvious debtors filed the Chapter 13 case in an effort to obtain a stay against and prevent a foreclosure sale by creditor who already obtained stay relief in the Chapter 7 case). As the bankruptcy court found, the Debtor filed his Chapter 13 case less than two weeks after the court denied the Debtor's motion to reconsider the order granting relief from the stay to the Creditor.

In its oral ruling, the bankruptcy court offered alternative grounds for dismissing the Debtor's Chapter 13 case. However, in its order to show cause, the bankruptcy court only directed the Debtor to appear and show cause why his Chapter 13 case should not be dismissed as a violation of the automatic stay in his pending Chapter 7 case. Any consideration of these alternative grounds is therefore inappropriate. *Young v. Young* (*In re Young*), 507 B.R. 286, 296-97 (B.A.P. 8th Cir. 2014) (reversing imposition of sanctions under 11 U.S.C. § 105, where bankruptcy court's order to show cause did not mention possibility of being sanctioned for alleged misrepresentations during hearing on order to show cause); *Morgan v. Goldman* (*In re Morgan*), 375 B.R. 838, 849-851 (B.A.P. 8th Cir. 2007) (limiting review of bankruptcy court's order to show cause to grounds set forth therein); *Crofford v. Conseco Fin. Serv'g Corp.* (*In re Crofford*), 301 B.R. 880, 885 (B.A.P. 8th Cir. 2003) (limiting review of bankruptcy court's order to show cause to analysis of FED. R. BANKR.P. 9011(c)(1)(B), where order to show cause did not mention either bankruptcy court's inherent powers or 11 U.S.C. § 105).

**CONCLUSION**

For the reasons stated, the decision of the bankruptcy court is AFFIRMED.

_____

4