# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 24-6009

_____

In re: SAMMIE SMITH, JR. AND
ELIZABETH SMITH,

Debtors.

------------------------------

SAMMIE SMITH, JR. AND ELIZABETH SMITH,

*Appellants*

v.

JACK W. GOODING, Chapter 13 Standing Trustee,

*Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas – Little Rock

_____

Submitted: June 13, 2025
Filed: August 12, 2025

_____

Before HASTINGS, Chief Judge, NORTON AND CONSTANTINE, Bankruptcy
Judges.

_____

HASTINGS, Chief Judge.

Debtors/Appellants Sammie Smith, Jr. and Elizabeth Smith appeal the bankruptcy court's order dismissing their bankruptcy case and barring them from filing another bankruptcy case in the Eastern District of Arkansas or any other jurisdiction for a period of one year. For the following reasons, we affirm in part and reverse in part.

## BACKGROUND

The Smiths petitioned for bankruptcy relief on three occasions in the span of roughly two and a half years. They filed their first petition under Chapter 13 in October 2021 and voluntarily dismissed this case in November 2021. Bankr. Case No. 4:21-bk-12775.[1]

In March 2022, the Smiths filed their second bankruptcy petition with the assistance of Attorney Gregory W. Harris. Bankr. Case No. 4:22-bk-10552. On the petition date, Attorney Harris filed a Chapter 13 plan on their behalf, to which the bankruptcy trustee objected. Four days later, the Smiths filed a one-page "amended plan." On the same day, they filed a motion seeking to terminate the services of Attorney Harris. The bankruptcy court granted the motion on May 3, 2022.

---

[1]The docket for the Smiths' first bankruptcy case is not included in the record, but both parties refer to this case in their briefs, and both the bankruptcy court and Sammie Smith referenced the previous bankruptcies at the hearing on the order to show cause. We take judicial notice of the docket of case Bankr. Case No. 4:21-bk-12775 for the sake of completeness. *Molina Jerez v. Holder*, 625 F.3d 1058, 1065 n.7 (8th Cir. 2010) ("In their briefs, the parties freely refer to the district court proceedings, of which we may take judicial notice for the sake of completeness."); *Carpenters' Pension Fund of Ill. v. Neidorff*, 30 F.4th 777, 795 n.16 (8th Cir. 2022) (an appellate court may take judicial notice of matters of public record); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Two months later, in July 2022, Attorney Dale B. Duke filed a notice of appearance on behalf of the Smiths. The Smiths filed a motion to terminate the services of Attorney Duke in December 2022, which the court granted.

In April 2023, Attorney Robert Rushing filed a notice of appearance to proceed as the Smiths' counsel. Attorney Rushing filed an amended plan on the Smiths' behalf. The bankruptcy court confirmed the amended plan in July 2023. Two months later, the Smiths filed an objection to the confirmed plan, asserting that Attorney Rushing failed to address concerns they expressed to him about the plan. Attorney Rushing filed a motion to withdraw as the Smiths' attorney, which the court granted.

The Smiths proceeded *pro se* for the remainder of their second bankruptcy case. They moved to continue the hearing on their objection to their confirmed plan twice. Additionally, they filed four amended plans, drawing an objection from the trustee on each occasion. On February 14, 2024, the bankruptcy court granted the trustee's motion to dismiss the Smiths' case for failing to make their plan payments.

On February 29, 2024, two weeks after the dismissal of their second case, the Smiths filed their third bankruptcy case—the case at issue in this appeal. Bankr. Case No. 4:24-bk-10664.[2] Attorney Frank Falkner filed the petition and the Smiths' Chapter 13 plan on the same date. Wells Fargo and Jack W. Gooding, the Chapter 13 Bankruptcy Trustee, filed objections to the plan. In response, Attorney Faulkner filed amended schedules and an amended Chapter 13 plan. Trustee Gooding objected to the Smiths' claimed exemptions and to the amended Chapter 13 plan, prompting Attorney Falkner to file amended schedules again. Trustee Gooding objected to the revised exemptions and to the amended Chapter 13 plan. Again, Attorney Falkner filed amended schedules and an amended plan, and again, Trustee

---

[2]As with the Smiths' first bankruptcy case, the parties refer to plan amendments, objections, motions to continue and a motion to terminate counsel. Where helpful to discussing the chronology of events, the Court takes judicial notice of the title and date of docket entries in the third bankruptcy case at issue on appeal. *See id.*

Gooding objected to the amended Chapter 13 plan. In this objection, like his three previous plan objections, Trustee Gooding requested that the bankruptcy court deny confirmation and dismiss the bankruptcy case. In their response to the Trustee's objection filed June 14, 2024, the Smiths acknowledge the Trustee's request to dismiss their case and argue that the bankruptcy court should "set aside and dismiss" this objection. Doc. 65.

After this four-month effort to propose a confirmable plan, the Smiths filed a motion to terminate Attorney Falkner. Attorney Falkner also filed a motion to withdraw as counsel, which the court granted. The Smiths proceeded without the assistance of an attorney.

The Smiths objected to the amended plan Attorney Falkner filed on their behalf, and they filed a response to Trustee Gooding's objection to their amended plan. The Smiths also objected to the claims filed by creditors Americas Car-Mart, Inc. and Wells Fargo. The bankruptcy court scheduled a confirmation hearing and hearings on the Smiths' objections to the creditors' claims for July 18, 2024.

On July 15, 2024, the bankruptcy court continued the hearing on the Smiths' objection to Wells Fargo's claim to August 15, 2024. The next day, the court continued the confirmation hearing as well. The day before the scheduled hearings, the Smiths filed a motion to continue the confirmation hearing and the hearings on their objections to claims.

The bankruptcy court did not rule on the Smiths' motion to continue before the July 18, 2024, hearing on the remaining matter pending on the calendar: the Smiths' objection to Americas Car-Mart's claim. The Smiths did not attend the hearing. Following the hearing, the bankruptcy court issued an order to "appear and show cause why their case should not be dismissed for failure to appear" and scheduled a hearing for September 5, 2024. The Order to Appear and Show Cause did not apprise the Smiths that the bankruptcy court may consider sanctions, including a bar to refiling. The bankruptcy court also rescheduled the hearings on confirmation and the Smiths' objections to claims for the same September 2024 date.

Two days before the rescheduled hearings, the Smiths moved to continue the hearings to allow them time to retain an attorney. Trustee Gooding objected, arguing that "the [Smiths] were already granted a continuance for two months and have failed to find new counsel." Doc. 106 at 1. Additionally, Trustee Gooding argued that the Smiths "have commenced three (3) bankruptcy filings since 2021 and have failed to comply with the orders of this Court which the Trustee contends is an abusive use of the bankruptcy system." *Id.* In his objection, Trustee Gooding detailed the Smiths' history of multiple attorneys over the course of their three bankruptcy cases. Wells Fargo also objected to the continuance. The day before the scheduled hearing, the Smiths filed amended schedules and an amended Chapter 13 plan. On September 5, 2024, Trustee Gooding objected to the amended plan. Again, Trustee Gooding requested that the bankruptcy court deny confirmation and dismiss the bankruptcy case.

The bankruptcy court proceeded with the September 5, 2024, hearing as scheduled. Sammie Smith appeared. At the beginning of the hearing, the bankruptcy court allowed Sammie Smith to provide the reasons for the Smiths' request for a continuance. Sammie Smith asserted that other parties previously requested continuances as well, expressed his concerns about the dismissal of the Smiths' second bankruptcy case, raised questions about Trustee Gooding's distributions under the plan in the second case, and explained his desire to retain an attorney to help the Smiths process the information and present it to the bankruptcy court in the pending case.

The bankruptcy court denied the Smiths' motion for a continuance. While recognizing that proceeding with the assistance of counsel in a bankruptcy case is appropriate and proper, the bankruptcy court concluded that the Smiths' request did not warrant a continuance on this occasion. It observed that the Smiths had retained four different lawyers in their bankruptcy cases, all of whom the Smiths terminated or who withdrew their representation. The bankruptcy court explained that "there comes a time when the matters have to be heard." Doc. 135 at 7.

Recognizing that it could not proceed with the confirmation hearing because the Smiths had not served notice of their most recent plan, the bankruptcy court addressed the issue raised in the Order to Appear and Show Cause. The bankruptcy court asked Sammie Smith why the Smiths did not appear at the hearing on their objection to Americas Car-Mart's claim. Sammie Smith claimed that Trustee Gooding and Wells Fargo's attorney advised him the July hearing had been continued. Trustee Gooding confirmed that he spoke to Sammie Smith about a continuance of the hearing on Trustee Gooding's objection to confirmation, but Trustee Gooding denied representing that the hearing on the Smiths' objection to Americas Car-Mart's objection had been continued. Likewise, counsel for Wells Fargo confirmed that she spoke to Sammie Smith about the Smiths' objection to Wells Fargo's claim, but she denied that they spoke about objections related to other creditors.

Rejecting the explanation the Smiths offered, the bankruptcy court announced its intent to dismiss the Smiths' bankruptcy case on its order to show cause. In addition to the Smiths' failure to appear at a hearing, the bankruptcy court listed other conduct it viewed as causing delay prejudicial to creditors, including filing an objection to their own plan and filing an amended plan on the eve of the hearing resulting in expense and delay, failing to provide notice of this plan to creditors, filing numerous requests to continue hearings, and retaining and terminating four different attorneys. The bankruptcy court then advised the Smiths that it planned to impose a one-year bar to refiling. The bankruptcy court cited no statutory basis for its ruling during the hearing.

In its written Order Dismissing Case entered a week after the hearing, the bankruptcy court found cause to dismiss the case under 11 U.S.C. § 1307, including "unreasonable delay by the [Smiths] that is prejudicial to creditors." Doc. 124 at 1. Additionally, the court concluded, "For good cause, the [Smiths] are individually and collectively barred and may not file another bankruptcy case in this or any other jurisdiction for a period of one year from the date of this order." *Id*.

The Smiths timely appealed.[3]

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. Ridings v. Casamatta (In re Allen)*, 628 B.R. 641, 642 (B.A.P. 8th Cir. 2021) (citing *Brown v. Luker (In re Zepecki)*, 277 F.3d 1041, 1045 (8th Cir. 2002)). We review the bankruptcy court's decisions to dismiss the bankruptcy case and to bar debtors from refiling for one year for an abuse of discretion. *See Steiner v. Wilmington Sav. Fund Soc'y (In re Steiner)*, 613 B.R. 176, 178 (B.A.P. 8th Cir. 2020); *Marshall v. McCarty (In re Marshall)*, 596 B.R. 366, 368 (B.A.P. 8th Cir. 2019), *aff'd*, No. 19-1634, 2019 WL 4657414 (8th Cir. Aug. 6, 2019).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*In re Marshall*, 596 B.R. at 368 (quoting *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013)). "If the bankruptcy court's conclusions supporting dismissal are supported by the facts, there is no abuse

---

[3]The Smiths failed to file a designation of record as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. They failed to comply with this requirement even after the Clerk of Court issued an order directing them to file the designation and warning them that the failure to do so could be a basis to dismiss the appeal. Likewise, their brief did not technically comply with this Court's requirements. We decline to dismiss on these technicalities for several reasons. First, Trustee Gooding did not cite the Smiths' failure to file a designation of record or the technical insufficiency of the brief as grounds to dismiss the appeal or to affirm the bankruptcy court. Second, the Smiths attached exhibits to their "brief," which we interpret as their attempt to designate a record. Most importantly, the Smiths' straightforward argument regarding fairness is readily ascertainable, and the documents in the record on appeal as designated by Trustee Gooding are sufficiently complete for us to undertake a meaningful review of the merits of the appeal.

of discretion." *Tolbert v. Fink (In re Tolbert)*, 255 B.R. 214, 216 (B.A.P. 8th Cir. 2000).

## DISCUSSION

The Smiths appeal the bankruptcy court's order dismissing their case and barring them from filing a new case for one year, claiming the bankruptcy court denied them due process and the right to a fair hearing.  In support of these claims, the Smiths contend that the bankruptcy judge raised his voice and refused to allow them to speak and present evidence, suggesting this conduct violated federal law and their civil rights.  The heart of their concern appears to lie with their belief that they were not treated fairly.  The Smiths argue that they did not receive notice of the July 18, 2024, hearing on the Smiths' objection to Americas Car-Mart's proof of claim in the mail and/or thought the bankruptcy court continued the July 2024 hearing to September 5, 2025, at the request of Trustee Gooding and Wells Fargo.  They also express concern about the bankruptcy court's refusal to continue the September 5, 2025, hearing to allow them additional time to hire counsel and proceed with their Chapter 13 case.  They maintain they have not failed to comply with court orders.[4]

---

[4]The Smiths also express concern about Trustee Gooding's distribution of plan payments, Trustee Gooding's alleged failure to properly account for their plan payments, and Wells Fargo's failure to properly credit their account for their payments.  The bankruptcy court declined to consider these plan confirmation and administration issues, noting that the Smiths' arguments pertained to the merits of hearings scheduled before the court rather than the reasons justifying their motion to continue these hearings.  Given that the bankruptcy court did not rule on these issues and did not consider them in its decision to dismiss the Smiths' bankruptcy case and bar them from refiling, they are not relevant to this appeal and are not considered here.

**A. The bankruptcy court's decision to dismiss the Smiths' Chapter 13 bankruptcy case was not an abuse of discretion.**

In its written order filed on September 12, 2024, the bankruptcy court dismissed the Smiths' bankruptcy case "for cause pursuant to 11 U.S.C. § 1307, including unreasonable delay by the debtors that is prejudicial to creditors."

Section 1307(c) provides, in pertinent part:

on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 1307(c).

Although the Trustee did not file an independent motion to dismiss the Smiths' bankruptcy case, each of his plan objections (including the one he filed on September 5, 2024) seeks dismissal of the Smiths' bankruptcy case. His plan objections and his response to the motion to continue highlight notice issues, multiple requests to continue proceedings and plan terms inconsistent with the Bankruptcy Code. The Smiths acknowledged Trustee Gooding's request to dismiss their case in their June 24, 2024, response to the Trustee's objection.

While Trustee Gooding's request to dismiss is insufficient to meet the hearing and notice standards under section 1307 and the bankruptcy court lacks authority to dismiss *sua sponte* under 1307, we find the bankruptcy court's reference to this statute is harmless error. Bankruptcy courts have authority to dismiss a case *sua sponte* under section 105(a) where "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See Minkes v. LeBarge (In re Minkes),* 237 B.R. 476, 478 n.2 (B.A.P. 8th Cir. 1999).

The Smiths filed an objection to Claim Number 1 filed by Americas Car-Mart in June 2024, prompting the bankruptcy court to schedule a hearing on July 18, 2024. The Smiths failed to appear at this hearing. Consequently, the bankruptcy court issued an Order to Appear and Show Cause, ordering the Smiths to appear at a hearing scheduled for September 5, 2024, and show cause why their case should not be dismissed for failing to appear at the July 2024 hearing. Only Sammie Smith appeared at the September 2024 hearing.

During the show cause hearing, the bankruptcy court asked Sammie Smith to explain why the Smiths failed to appear at the July 2024 hearing. Sammie Smith claimed that Trustee Gooding and Wells Fargo's attorney advised him the July hearing had been continued.[5] Trustee Gooding and Wells Fargo's counsel both acknowledged advising Sammie Smith that the matters involving them were continued but asserted they did not discuss the Americas Car-Mart claim objection. Rejecting the explanation offered by the Smiths, the bankruptcy court dismissed the Smiths' bankruptcy case on its Order to Show Cause. The bankruptcy court's decision to reject the Smiths' explanation is not clearly erroneous. The record supports the dismissal of the Smiths' bankruptcy case. The bankruptcy court did not abuse its discretion by dismissing the bankruptcy case on its order to show cause.

**B.     The bankruptcy court's decision to bar the Smiths from filing another bankruptcy case in the Eastern District of Arkansas or any other jurisdiction for a period of one year without notifying them of the possibility of a sanction other than dismissal of their case was an abuse of discretion.**

Section 109(g)(1) of the Bankruptcy Code authorizes the bankruptcy court to bar a debtor from refiling for 180 days if the debtor's bankruptcy case "was dismissed by the court for willful failure of the debtor to abide by orders of the court,

---

[5]On appeal, the Smiths claim they did not receive notice of the July 2024 hearing. Their motion to continue this hearing filed July 18, 2024, the day before the scheduled hearing, suggests otherwise. Further, Sammie Smith did not advise the bankruptcy court of this notice issue at the show cause hearing. Generally, a party may not raise an issue for the first time on appeal. *See Ames v. Nationwide Mut. Ins. Co.*, 760 F.3d 763, 770 (8th Cir. 2014).

or to appear before the court in proper prosecution of the case[.]" 11 U.S.C. § 109(g)(1). Likewise, section 349(a) empowers the bankruptcy court to enjoin a debtor from refiling for cause. 11 U.S.C. § 349(a). Additionally, a bankruptcy court may, *sua sponte*, take any action or make any determination "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). While these statutes grant bankruptcy courts the power to sanction bad-faith serial filers by enjoining bankruptcy filings for a period of time, a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct. *See In re Steiner*, 613 B.R. at 179; *In re Marshall*, 596 B.R. at 370–71. "Based upon this, a prohibition on refiling is typically reserved for instances 'where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral.'" *In re Steiner*, 613 B.R. at 179 (quoting *Marshall v. McCarty (In re Marshall)*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009)).

Although the Smiths raise no specific complaint about the bankruptcy court's decision to bar them from refiling for a year, they express concerns about due process and fairness. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950) (citations omitted). Due process ordinarily requires that a court give notice and an opportunity to be heard before imposing a sanction. *Doral Produce Corp. v. Paul Steinberg Assoc., Inc.*, 347 F.3d 36, 44 (2d Cir. 2003) ("We note that, under our holdings, where a court imposes sanctions *less important* than a conviction for criminal contempt, the court is ordinarily obligated to give the person being sanctioned an opportunity to be heard in defense unless exceptional circumstances justify the denial."); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 70–71 (2d Cir. 1996), *abrogated by Lamie v. U.S. Tr.*, 540 U.S. 526 (2004) ("Moreover, due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." (*citing Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir. 1994) (Rule 11); *Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 936 (2d Cir. 1992) (28 U.S.C. § 1927); *Martin v.*

*Brown,* 63 F.3d 1252, 1262 (3d Cir. 1995) ("[T]he fundamental requirements of due process—notice and an opportunity to respond—must be afforded before any sanction is imposed.")).

The bankruptcy court provided no notice to the Smiths that it might consider a sanction other than dismissal at the show cause hearing. Although Trustee Gooding and Wells Fargo opposed the Smiths' motion to continue and highlighted their multiple bankruptcy cases, their continuance requests premised on a desire to retain counsel, and their termination of four lawyers, neither the Trustee nor Wells Fargo moved to dismiss or request sanctions based on the Smiths' conduct. The Smiths received no notice of the refiling bar sanction the bankruptcy court imposed and no opportunity to be heard on the grounds supporting it. The bankruptcy court's decision to bar the Smiths from filing another bankruptcy case in the Eastern District of Arkansas or any other jurisdiction for a period of one year, without granting them notice of the possibility of sanctions other than dismissal and an opportunity to be heard, was an abuse of discretion. *See Leeward Subdivision Partners, LLC v. GDR Lending, LLC (In re Leeward Subdivision Partners, LLC)*, 2010 WL 6259983 (B.A.P. 9th Cir. June 11, 2010) ("With no warning that a bar would be instituted and with no opportunity for Leeward to challenge the imposition of the bar, the bankruptcy court failed to provide Leeward appropriate notice. Accordingly, the bankruptcy court abused its discretion when it barred Leeward from refiling for a period of 90 days.").

## CONCLUSION

For the reasons stated, the record supports the dismissal of the Smiths' Chapter 13 bankruptcy case. We affirm this decision. The bankruptcy court's decision to bar the Smiths from filing another bankruptcy case in the Eastern District of Arkansas or any other jurisdiction for a period of one year, without granting them notice of the possibility of sanctions other than dismissal and an opportunity to be heard, is reversed and the one-year injunction is vacated.

_____